Case 1:01-cv-00100   Document 2   Filed in TXSD on 06/15/2001   Page 1 of 21



# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 5 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RAYMUNDO GONZALEZ-GARIBAY, | § | |
|   Petitioner, | § | |
| v. | § | CR. NO B-99-020-01 |
| UNITED STATES OF AMERICA, | § | **B-01-100** . |
|   Respondent. | § | |

---

## BRIEF IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. SECTION 2255

---

**Comes now**, the Petitioner, Raymundo Gonzalez-Garibay, acting in pro-se and moves this Honorable Court and Respectfully submits his Motion to Vacate, Set Aside or Correct his Illegal Sentence pursuant to **28 U.S.C. SECTION 2255**. In support thereof, Petitioner respectfully shows the following:

### JURISDICTION

Jurisdiction is invoked pursuant to **28 U.S.C. § 2255**, by a person in custody pursuant to the judgment of that court for a determination that the judgment was imposed in violation of the Constitution or Laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to Vacate, Set Aside or Correct the Sentence.

- 1 -

CHzPDF - www.foxix.com

## STATEMENT OF THE CASE

### A. Proceedings Below

On January 19, 1999, a two-count indictment was filed in the Southern District of Texas, Brownsville Division, charging RAYMUNDO GONZALEZ-GARIBAY **(Gonzalez)**, with:

> COUNT ONE: **Attempt to reenter the United States illegally, in violation of; 8 U.S.C. § 1326(a) and (b).**
>
> COUNT TWO: **False representation of United States citizenship, in violation of; 8 U.S.C. § 911.**

On January 28, 1999, Gonzalez appeared for an Arraignment Hearing held before United States Magistrate Judge John Wm. Black. Gonzalez pleaded "Not-Guilty", to both counts of the indictment. Further, a Scheduling Order was set for Gonzalez. Parties for both; the Government and the Defendant were present.

On February 23, 1999, Counsel of Record, without a Plea-Agreement signed and with the foreknowledge of the not-guilty plea, withdrew all Motions. "Once-Again", Gonzalez pleaded not-guilty.

On March 10-12, 1999, the case was tried before a jury. The Honorable Judge Hilda G. Tagle, presiding. Prior to the commencement of trial, the District Court overruled Counsel's objection to the admission of **"Government's Exhibit No. 12"** (Gonzalez's Mexican Birth Certificate). However, the following day, during Trial proceedings, subsequent to having objected and reviewed Gonzalez's birth certificate on the previous day, Counsel **"denied knowledge of"** or **"time to review"** the translation of Government's Exhibit No, 12.

- 2 -

On March 12, 1999, the jury, after having inquired about the preponderance of "evidence" contained in Government's Exhibit No. 12, returned a Verdict of Guilty. The jury having returned a verdict of guilty, the Court ordered that, a PRESENTENCE INVESTIGATION REPORT (P.S.I.), be prepared.

On May 14, 1999, the U.S. Probation Office received the Defendant's written objections to the P.S.I. Report, through his Attorney.

On June 10, 1999, Gonzalez appeared for sentencing before The Honorable Judge Hilda G. Tagle who, after overruling Gonzalez's objections to the P.S.I. Report, justified the sentence of seventy-seven (77) months by adopting the **inaccurate, erroneous and incomplete** information contained in the P.S.I. Report as modified. **Gonzalez orally stated, an Appeal.**

On December 15, 1999, Counsel of Appeal, served Ms. Paula Offenhauser, Assistant United States Attorney, Appellant Division Chief for the Southern District of Texas, with an: **ANDERS v. CALIFORNIA, 386 US 738 (1967)**. Claiming, that after carefully examining the facts amd matters contained in the record on appeal and after having researched the law therewith, concluded that the appeal presented no legally nonfrivolous issues [1]/.

On June 27, 2000, the aforesaid brief: **ANDERS v. CALIFORNIA**, was affirmed and Granted, by the **United States Court of Appeals for the Fifth Circuit** [2]/.

(1) <u>SEE</u>: Petitioner's Exhibit No. 1.
(2) <u>SEE</u>: Petitioner's Exhibit No. 2.

- 3 -

## STATEMENT OF THE FACTS

### B. Government's Allegations

According to an independent investigation conducted by **LOUIS G. BREWSTER**, Chief Probation Officer, Brownsville, Texas. On December 25, 1998, Gonzalez attempted to enter the United States via Brownsville, Port of Entry. By declaring to be a U.S. citizen.

Gonzalez, after first being met at primary point, by U.S. Customs Inspector, Felipe Hernandez, was referred to U.S. Customs Secondary for purpose of enforcement intensive inspection. Where, after a routine enforcement exam, U.S. Customs Inspector, James Merceda, asked for Identification, to which command Gonzalez voluntarily obliged. A query of his name revealed that he had previously been deported.

Investigation revealed that Gonzalez was deported to Mexico on July 19, 1996, through Port of Entry in Brownsville, Texas. On January 28, 1998, Alien Criminal Apprehension Program,(ACAP), member Darrell Stanley, using a fictious charge, which Gonzalez was denied Judicial Review of, found Gonzalez deportable, again. Thru, the Port of Entry in Laredo, Texas.

## STATEMENT OF THE ISSUES
## PRESENTED FOR REVIEW

I.   COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE
     PETITIONER"S BACKGROUND AND CLAIM THAT HE DERIVED
     CITIZENSHIP FROM A CITIZEN PARENT, PURSUANT TO: §
     301(a)(7) OF THE IMMIGRATION AND NATIONALITY ACT
     OF 1952, AS AMENDED, 8 U.S.C. § 1401(a)(7),(b),
     AND (c).

- 5 -

## ARGUMENTS AND AUTHORITIES
## ISSUE I.

I.  **COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE PETITIONER"S BACKGROUND AND CLAIM THAT HE DERIVED CITIZENSHIP FROM A CITIZEN PARENT, PURSUANT TO: § 301(a)(7) OF THE IMMIGRATION AND NATIONALITY ACT OF 1952, AS AMENDED, 8 U.S.C. § 1401(a)(7),(b), AND (c).**

Petitioner was denied effective assistance of counsel as guaranteed a defendant by the Sixth Amendment to the United States Constitution. SEE: **UNITED STATES CONSTITUTION, AMENDMENT VI; SEE ALSO: STRICKLAND v. WASHINGTON, 466 US 668, 80 L.Ed.2d 674, at 693, 104 S Ct 2052**. In **Strickland, 466 US at 687**, the Supreme Court held that in order to establish a constitutional violation of the right to effective assistance of counsel, the petitioner must meet two (2) prongs.

**First**, the Petitioner must show that counsel's performance was deficient. This requires a showing that counsel made errors that were so serious that, counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

This prong is met by showing that Counsel's performance did not meet the adversarial process protected by the Sixth Amendment. Which requires that the accused have"counsel acting in the role of an advocate". **ANDERS v. CALIFORNIA, 386 US 738, 743, 18 L.Ed.2d 493, 87 S Ct 1396 (1967)** . Counsel was ineffective when, because of Petitioner's prior deportations[3]/, would not investigate Petitioner's

(3) SEE: U.S. v. ORTIZ-LOPEZ, 24 F.3d 53, at 56 (9th Cir. 1994).

- 6 -

CMPDF - www.fceio.com

background, as it relates to the Validity, Construction and Appli-
cation of: **§301(a)(7),(b), of the Immigration and Nationality Act
of 1952, as amended, 8 U.S.C. §1401(a)(7),(b), and (c),** and prede-
cessor statutes that grant citizenship to child born abroad one of
whose parents was a United States citizen [4]/. **SEE ALSO: Court Tra-
nscripts,Criminal Action No. B-99-020,Volume II-Jury Trial,March
11, 1999, pages 61, lines 7-page 62 line 7.**

Counsel's errors in neglecting to investigate Petitioner's
background, or advocate Petitioner's cause, is further shown in
the following insert of the instructions expressed to the jury by
the District Attorney's(Adela Kowalski-Garza), opening statements.
**SEE: Court Transcripts,Criminal Action No.B-99-020,Volume I-Opening
Statements of Counsel,March 10, 1999,page, 62 lines 12-21.** Observe,
how the aforesaid presentment relates to: 8 U.S.C. § 1432(a)(1).
**SEE ALSO: Court Transcripts,Criminal Action No.B-99-020,Volume I-
Opening Statements of Counsel,March, 10, 1999,page 67, lines 1-4.**
"To satisfy the Constitution, Counsel must function as an advocate
for the defendant, as opposed to a friend of the Court". **JONES V.
BARNES, 463 US 745, 758, 77 L.Ed.2d 987, 103 S Ct 3308 (1983); SEE
ALSO: Court Transcripts,Criminal Action No.B-99-020,Volume I-Open-
ing Statements of Counsel,March 10, 1999, page 73, lines 12-23.**

Petitioner attended an Arraignment Hearing, held on January
28, 1999, before United States Magistrate Judge John Wm. Black. At
which proceeding Petitioner plead "Not-Guilty", to both counts of
the indictment (claiming citizenship from a citizen parent). Further,

**(4) <u>SEE</u>: Petitioner's Exhibit No. 3.**

- 7 -

CSkPDF - www.fasiisi.com

a Scheduling Order was set, and signed, by Magistrate Judge John Wm. Black. Parties for both; the Government and the Defendant were present [5]/. SEE: **Court Transcripts,Criminal Action No.B-99-020,Arraignment Hearing,January 28, 1999.** A copy of these Court Transcripts, were not mad available to Petitioner [6]/. Moreover, on February 23, 1999, at the Final Pre-Trial Hearing, Counsel of Record, without a Plea-Agreement signed, and with the foreknowledge of the not-guilty plea, withdrew all Motions that had been offered. "Once-Again", Petitioner pleaded "not-guilty". SEE: **Court Transcripts,Criminal Action NoB-99-020,Final Pre-Trial Hearing,February 23, 1999.** A copy of these Court Transcripts, also, were not made available to Petitioner[7]/.

Second, the Petitioner must show that, Counsel's deficient performance, prejudiced the defense. This second prong of the test is met by showing Counsel's (prejudicial) defense strategies, which were used in an attempt to establish, both, to the Court and jury, that Government's Exhibit No. 12 (Petitioner's "main documentated" defense), did not belong to Petitioner. SEE: **Court Transcripts,Criminal Action No.B-99-020,Motion Hearing,pages 82,lines 16-page 84, line 16.** Counsel's denial of the adversarial process performance, in advocating Petitioner's cause, shows when, the presiding Judge The Honorable Hilda G. Tagle, questioned the alienage element of the case at hand. SEE: **Court Transcripts,Criminal Action No.B-99-020,Volume II-Jury Trial,March 11, 1999,page 135,lines 9-15.**

(5) SEE: **Petitioner's Exhibit No. 4.**
(6) SEE: **Petitioner's Exhibit No. 5.**
(7) SEE: **Petitioner's Exhibit No. 5.**

- 8 -

The requirement that a defendant receive effective assistance of Counsel, is Constitutionally mandated: SEE: AMENDMENT VI, TO THE CONSTITUTION OF THE UNITED STATES; UNITED STATES v. CRONIC, 466 US 654, 80 L.Ed.2d 657, at 664, 104 S Ct 2039 (1984); and McMANN v. RICHARDSON, 397 US 759, at 771 n.14, 25 L.Ed.2d 763, 90 S Ct 1441 (1970) (the right to Counsel is the right to effective assistance of Counsel).

It is submitted that, based on the arguments, as set forth within the pleading, the standards of Strickland-466 US 687, are sufficiently met.

Petitioner alleges, had Counsel acted in the role of an advocate when the presiding Judge over the instant case, commented to a potential juror in Jury Voir Dire proceedings, that; SEE: Court Transcripts,Criminal Action No.B-99-020,Volume I-Jury Voir Dire, March 10, 1999,page 45,lines 6-18. SEE ALSO: UNITED STATES v. PENA-GARCIA, 505 F.2d 964, 967 (9th Cir. 1974)(the district court may not "convey to the jury the impression that [it] has formed an opinion as to the truth"). "Some comments, however, may be so prejudicial that even good instructions will not cure the error." UNITED STATES v. CARPENTER, 776 F.2d 1291, at 1295-96 (5th Cir. 1985). "It is well known, as a matter of judicial notice, that juries are highly sensitive to every utterance by the trial judge, the trial arbiter, and that some comments may be so highly prejudicial that even a strong admonition by the judge to the jury, that they are not bound by the judge's views, will not cure the error." BURSTEN v. UNITED STATES, 395 F.2d 976, 983 (5th Cir. 1968). SEE ALSO: Court Transcripts,Criminal Action No.B-99-020,Volume I-Jury Voir Dire, March 10, 1999,page 51,lines 10-14.

- 9 -

A fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal; SEE: STRICKLAND v. WASHINGTON, 466 US 668, at 685, 80 L.Ed.2d 674, at 691-92, 104 S Ct 2052. SEE ALSO: Court Transcripts,Criminal Action No.B-99-020, Volume I-Jury Voir Dire,March 10, 1999,page 45,lines 6-20. For resolution of issues defined in advance of the proceeding. SEE: Court Transcripts,Criminal Action No.B-99-020,March 11, 1999, Volume II-Jury Trial,pages 113-114.

The Court in overruling Counsel's objections to, the admission of Government's Exhibit No. 12 (Petitioner's Birth Certificate)(SEE: Court Transcripts,Criminal Action No.B-99-020,Motion Hearing,March 10, 1999,pages 82,lines 16-page 87,line 2). And to Government's Ex-hibit No. 12A(translation thereof)(SEE: Court Transcripts,Criminal Action No.B-99-020,Volume II-Jury Trial,pages 113,lines 1-page 114 line 12), Although Counsel did not articulate the precise basis for her objection, it is quite probable that she believed the Court's instructions was an impermissible comment on Petitioner's guilt. "This court has accordingly emphasized the duty of the trial judge to use great care that an expression of opinion upon the evidence "should be so given as not to mislead, and especially that it should not be onesided;" that "deductions and theories not warranted by the evidence should be studiously avoided." [citiations omitted] He may not charge the jury "upon a supposed or conjectural state of facts, of which no evidence has been offered." [citations omit-ted] QUERCIA v. UNITED STATES, 289 US at 470, 53 S Ct at 699, 77 L.Ed. at 1325 (emphasis added). SEE: UNITED STATESy. CISNEROS, 491 F.2d 1068 (1974). SEE ALSO: CARELLA v. CALIFORNIA, (1989) 491 US 263, 105 L. Ed. 2d 218, 109 S Ct 2419.

"Government violates the right to effective assistance of counsel (SEE: Court Transcripts,Criminal Action No.B-99-020,Volume II-Jury Trial,March 11, 1999,pages 77,lines 14-page 88 line 10.), when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense. Counsel, however, can also deprive a defendant of the right to effective assistance, simply by failing to render "adequate legal assistance," CUYLER v. SULLIVAN, 446 US, at 344, 64 L.Ed.2d 333, 100 S Ct 1708, Id., at 345-350, 64 L.Ed.2d 333, 100 S Ct 1708 (actual conflict of interest adversely affecting lawyer's performance renders assisstance ineffective)." SEE ALSO: SABA v. I.N.S., 52 F.Supp.2d 1117, at 1122 n. 7 (N.D.Cal. 1999); HYPOLITE v. BLACKMAN, 57 F.Supp.2d 128, at 133 (M.D.Pa. 1999). SEE:Petitioner's Exhibit No.(s) 11 and 12.

The jury, while in deliberation, in reasonable doubt about Petitioner's citizen status, inquired about the preponderant evidence contained in Government's Exhibit No. 12  8/. "The determination of the appropiate answer to a jury question rests within the discretion of the trial court. So long as the answer does not deprive the defendant of a constitutional right." SEE: ORTIZ v. ARTUZ, 113 F.Supp2d 327, at 339 (E.D.N.Y. 2000)( quoting McShall v. Henderson, 526 F.Supp.158,161 (S.D. N.Y. 1981)."In other words, the question is not whether guilt may be spelt out of a record, but whether guilt has been found by a jury according to the procedure and standards appropiate for criminal trials." Bollenbach v. United States, 326 US 607 614, 90 L.Ed. 350, 66 S Ct 402 (1946). "Findings made by a judge cannot cure deficiencies in the jury's findings as to the guilt or innocence of a defendant resulting from the court's failure to instruct it to find an element of the crime." Cabana v. Bullock, 474 US 376, 384-385, 88 L.Ed.2d 704, 106 S Ct 689 (1986). "Due process commands that no man shall lose his liberty unless the government has borne the burden of convincing the factfinder of his guilt; to such end, the reasonable doubt standard is indispensible, for it impresses in the trier of fact the necessity of reaching a subjective state of certitude of the facts in issue..." CONSTITUTIONAL LAW § 840.3-due process-criminal conviction-due process standard. "The  standard  of  proof

(8) SEE: Petitioner's Exhibit No. 6.

- 11 -

CMsPDF - www.teslio.com

beyond a reasonable doubt," said the Court, "plays a vital role in the American scheme  of a criminal procedure," because it operates to give "concrete substance" to the presumption of innocence, to ensure against unjust convictions, and to reduce the risk of factual error in a criminal proceeding. <u>397 US 363, 25 L.Ed.2d 368, 90 S Ct 1068, 51 Ohio Ops 2d 323.</u>" SEE ALSO: <u>JACKSON v. VIRGINIA, 443 US 307, 61 L.Ed.2d 560, at 571, 99 S Ct 2781.</u> "Most important, he must in no way trespas on the jury's functions and responsibilities, among the most important of which of terms of this appeal is the right to access credibility in finding the facts. <u>UNITED STATES v. WILLIAMS, 5th Cir. 1971, 447 F.2d 894, 902; UNITED STATES v. DOPF, supra, 434 F.2d at 208; cf. UNITED STATES v. STROBLE, 6 Cir. 1970, 431 F.2d 1273, 1278.</u>" <u>UNITED STATES v. CISNEROS, 491 F.2d 1068, at 1074 (1974)</u>.

First Petitioner would show this Court that, Counsel was ineffectively negligent, for not competently investigation Petitioner's claim of American citizenship, other than what the Government presented to her [9]/, or present to the Trial Court that, a child born abroad after May 24, 1934, one of whose parents was a citizen of the United States and the other an alien, acquired American citizenship at birth. <u>1934, Op. Atty. Gen. 10.</u> [10]/. American statutory law has consistently recognized the rights of American parents to transmit their citizenship to their children. <u>SEE</u>: Act of Mar. 26, 1790, § 1, 1 Stat. 103; Act of Jan. 29, 1795, § 3, 1 Stat. 415; Act of Apr. 14, 1802, § 4, 2 Stat. 155; Act of Feb. 10, 1855, § 1, 10 Stat.  604; Rev. Stat. § 1993; Act of Mar.2, 1907, § 6, 34 Stat.1229;

(9) <u>SEE</u>: U.S. v. MEZA-SORIA, 935 F.2d 166, at 168 (9th Cir. 1991).
(10) <u>SEE</u>: Petitioner's Exhibit No. 3.

- 12 -

Act of May 24, 1934, § 1, 48 Stat. 797; Nationality Act of 1940, § 201(g), 54 Stat. 1139; Immigration and Nationality Act of 1952, § 301(a)(7),(b), 66 Stat. 235, 236, as amended, 8 U.S.C. § 1401(a)(7), (b), and (c); [8 U.S.C. § 1401(g)]. Each sussesive statute as applied to the born abroad child of an American citizen parent, moved in direction of leniency for the child,ie:

1972 Amendments. Subsection (b). Pub.L. 92-584:

substituted provisions that nationals and citizens of the United States under Subsection (a)(7), lose such status unless they are present continuously in the United States for two years between the ages of fourteen and twenty-eight years, . . . [11]/

1978 Amendments. Subsection (a). Pub.L. 95-432 § 1:

Struck out "(a)" preceding "the following" and re-designated paragraphs (1) to (7) as to (g), respectively.

Subsection (b). Pub.L. 95-432, § 1, struck out sub-section (b) which provided that any person who was a national and citizen of the United States under Subsection (a)(7) lose his nationality or citizenship unless he be continuously physically present in the United Staes for a period of not less than two years between the ages of 14 and 28 . . .

Subsection (c) Pub.L. 95-432, § 1, struck out subsec-tion (c) which provided that former subsection (b) apply to persons born abroad to May 24, 1934, except

(11) SEE: Petitioner's Exhibit No.(s) 7, and 7(a).

- 13 -

that this not be construed to alter the citizen-
ship of any person born abroad subsequent to May
24, 1934 who, prior to the effective date of this
chapter, had taken up residence in the United States
before attaining 16 years of age, and thereafter,
whether before or after the effective date of this
chapter, complied with the residence requirements of
section 201(g) and (h) of the nationality Act of 1940.

Further, Petitioner will show this Court that, would Counsel
have investigated, Counsel could have found that the statute "in-
effect" at the time of Petitioner's birth, on April 8, 1967, was:
**§ 301(a)(7) of the Immigration and Nationality Act of 1952, as
amended, 8 U.S.C. § 1401(a)(7), (b), and (c)**. In addition, 8 U.S.C.
**§ 1101** provided:

The term "child" means an unmarried person under twenty-one
years of age and includes a child legitimated under the law
of the child's residence or domicile, or under the law of
the father's residence or domicile, whether in the United
States or elsewhere...

## Analysis

The applicable law for transmitting citizenship to a child
born abroad when one parent is a U.S. citizen is the statute that
was in effect at the time of the child's birth. <u>**SEE: U.S.v. VIRAM-
MONTES-ALVARADO, 149 F.3d 912, at 915 (9th Cir. 1998)**</u>; <u>**U.S v. GOMEZ-
OROZCO, 188 F.3d 422, at 425-426 (7th Cir. 1999)**</u>; <u>**ABLANG v. RENO,
52 F.3d 801, at 803 (9th Cir. 1995)**</u>; <u>**SCALES v. I.N.S., 232 F.3d 1159,
at 1162-1163 (9th Cir. 2000)**</u>.

- 14 -

Moreover, Petitioner would show this Court that, the 1952 Immigration and Nationality Act § 301(a)(7), in amending the 1940 Act liberilized the derivative citizenship requirement somewhat, to provide for **five years** of residence in the United States by the parent after age of 14 years and prior to the birth of citizenship seeking child [12]/. This allows Petitioner to assert that, under the statute "in effect" at the time of his birth, on April 8, 1967, **§ 301(a)(7) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1401(a)(7), (b), and (c)**, he is an American citizen, from birth, through the following chain:

Petitioner's Grandmother, **Cecilia Ruiz (Social Security Number 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)**, was a native-born **(November 23, 1920)**, United States citizen of **(Neches Anderson, Texas)**. One of her offspring, was Petitioner's father, **Juan Ruiz Gonzalez**, who was born a citizen by dint of his mother's citizenship.

On **June 27, 1966** (prior to Petitioner's birth), Juan Ruiz-Gonzalez was issued a certificate of citizenship, by the Commissioner of the **Immigration and Naturalization Service**. Evidencing to the satisfaction of the of the Commissioner that, he adhered to the requesitions of the 1940 Immigration and Nationality Act, which required **five years** of physical presence in the United States. Thus, on June 27, 1966, Petitioner's Father was recognized, and granted American citizenship from birth, on December 17, 1944, [13]/.

Conclusion

Petitioner contends that the version of the Immigration and

(12) SEE: <u>PALOMO v. MITCHELL, 361 F.Supp. 455 (1973)</u>.
(13) SEE: **Petitioner's Exhibit No. 8.**

- 15 -

Nationality Act of 1952, § 301(a)(7)(I.N.A.), as amended, 8 U.S.C. § 1401(a)(7),(b), and (c), controls the outcome of this case. **SEE:** **LAKE v. RENO, 226 F.3d 141, at 144 (2nd Cir. 2000)**; **U.S v. VIRAMO-** **NTES-ALVARADO, 149 F.3d 912, at 915 (9th Cir. 1998)**; **SCALES v. I.N.S.,** **32 F.3d 1159, at 1162-1163 (9th Cir. 2000)**.

While it is axiomatic that courts do not have the power to confer "citizenship on a basis other than that prescribed by Con-gress," **MILLER v. ALBRIGHT, 523 US at 453, 118 S Ct 1428**, (Petitioner) Raymundo Gonzalez-Garibay, is not an alien who seeks naturalization as an equitable remedy. The I.N.A. plainly defines naturalization as "the conferring of nationality of a state upon a person after birth by any means whatsoever." 8 U.S.C. **§ 1101(23)(1952)**. The term "alien" is defined as "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). **SEE ALSO: Court Transcripts,** **Criminal Action No.B-99-020,Volume I-Jury Voir Dire,March 10, 1999,** **page 56,lines 7-11.**

8 U.S.C. **§ 1101(a)(21)**, defines the "term" national as:

A person owing permanent allegiance to a state.

8 U.S.C. **§ 1101(a)(22)**, defines the term "national" as:

(A) a citizen of the United States, or

(B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States.

Petitioner chose, and adhered  his allegiance to the United States, by was of giving oath to the Selective Service Branch of the United States Armed Forces, [14]/. **SEE ALSO: In re Siem D.C. Mont. 1922, 284** **F. 868**; **U.S. v. MEZA-SORIA, 935 F.2d 166 (9th Cir. 1991)**; **U.S. v.**

SEE: PETITIONERS EXHIBIT NO.9

- 16 -

<u>ORTIZ-LOPEZ, 24 F.3d 53 (9th Cir, 1994)</u>; **Court Transcripts,Criminal Action NO.B-99-020,Volume II-Jury Trial,**March 11, 1999,page 135,lines;9-15. It is the Petitoner's claim that, the provisions of the I.N.A. relating to naturalization, do not apply to him.<u>**LAKE v. RENO, 226 F.3d 141, at 148-149 (2nd Cir. 2000)**</u>.Congress provided a straightforward blanket grant of citizenship at birth, **8 U.S.C. § 1401 (a)(7),(b),and (c),** subject only to his citizen father's cumulitive presence requirement of ten years prior to Petitioner's birth,at least **five** of which must be after attaining  the age of 14 years, [15]/.

Petitioner does not ask this Court to confer citizenship, but merely asks this Court to recognize, Petitioner's citizen status which was acquired at "BIRTH".

Further, Petitioner asks this Court, to recompense his person the projected earnings, from **December 28, 1998,** to present day of release, [16]/.

---

(15) SEE: <u>URBINE-TEMBLEDOR v. ROSENBERG, 423 F.2d 717 (1970)</u>(Petitioner's road to citizenship would be open if the mother **had had five out of ten years** residence)
(16) SEE Petitioner's Exhibit No.10.

## SERTIFICATE OF SERVICE

I, RAYMUNDO GONZALEZ-GARIBAY, certify that today, **June 9, 2001**, a copy of the foregoing Brief, under 28 U.S.C. § 2255, to Vacate, Set Aside or Correct, Sentence, was sent to **Ms. Paula Offenhauser, Assistant United States Attorney, Appellant Division Chief, Southern District of Texas**, by certified mail No. Z 406 069 072.

RAYMUNDO GONZALEZ-GARIBAY
REGISTER  NUMBER 82756-079
FEDERAL  CORRECTIONAL  INSTITUTION
P. O. BOX 4200
Three Rivers, Texas    78071

Exhibit No. 1

## CERTIFICATE OF SERVICE

I, LAURA FLETCHER LEAVITT, certify that today, December 15, 1999, a hard copy of the foregoing brief for appellant was served upon Ms. Paula Offenhauser, Assistant United States Attorney, Appellant Division Chief, Southern District of Texas, by mailing the same Certified Mail No. Z 257 396 017, Return Receipt Requested, postage prepaid to P. O. Box 61129, Houston, TX 77208-1129, and served by Certified Mail No. Z 257 396 019, Return Receipt Requested, postage prepaid upon Raymundo Gonzalez-Garibay, Reg. No. 82756-079, Federal Correctional Institution, P.O. Box 5050, Oakdale, LA   71463.


*Laura Fletcher Leavitt*
LAURA FLETCHER LEAVITT

26

Exhibit No. 2

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS

**FILED**

JUN 2 7 2000

CHARLES R. FULBRUGE III
CLERK

No. 99-40766
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMUNDO GONZALEZ-GARIBY,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-99-CR-20-1

Before HIGGINBOTHAM, DeMOSS and STEWART, Circuit Judges:

PER CURIAM:[*]

The Federal Public Defender appointed to represent Raymundo Gonzalez-Garibay ("Gonzalez") has moved for leave to withdraw and has filed a brief as required by <u>Anders v. California</u>, 386 U.S. 738 (1967). Gonzalez has filed a response. Our independent review of the brief, Gonzalez's response, and the record discloses no nonfrivolous issues. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4 .

GOVERNMENT EXHIBIT

Exhibit No. 3



## Registro del Estado Civil — Estado de Nuevo León

960575



En nombre de la República de México y como Oficial 1o. del Estado Civil en esta Municipalidad hago saber a los que la presente vieren y Certifico ser cierto que en el Libro número UNO del Registro Civil que es a mi cargo, correspondiente al año de 1967 en la foja 169 se encuentra asentada un acta del tenor siguiente:(AL MARGEN)ACTA No.168 NACIMIENTO DEL NIÑO——— RAYMUNDO GONZALEZ GARIBAY.AL CENTRO.-En ciudad Anáhuac- Edo.de Nuevo León siendo las 14.10 horas del día 3 de — Junio de 1967,ante mí Profr.Francisco P.Lazcano,Oficial 1o.del Registro Civil en ésta ciudad comparecé ante és te Juzgado Civil de mi cargo el Sr.Juan González de 22- años de edad,americano,católico,casado por el civil,jor nalero,originario y vecino de ésta ciudad y dijo que en su casa habitación sita en ésta ciudad y como a las 8 — horas del día 8 de Abril de 1967,nació un niño vivo a - quién puso el nombre de RAYMUNDO GONZALEZ,GARIBAY,hijo legítimo en 3er.lugar del compareciente y de su esposa- la Sra.Ma.Vicenta Garibay de 21 años de edad,mexicana, católica,de ocupación en el hogar,originaria y vecina - de ésta ciudad,Son abuelos paternos del niño los Sres.- Higinio González y Cecilia Ruíz de 60 y 44 años de edad originarios de San Juan de Sabinas,Coah.y Niech,Texas, y abuelos maternos los Sres.Víctor Garibay y Felipa Mu ñoz de 60 y 46 años de edad,originarios de San Pedro de las Colonias,Coah.,y La Barranca,N.L.,Siendo testigos - de éste acto los Sres.Roberto Córdoba y Pedro Portales- ambos casados,mayores de edad y de ésta vecindad.Todo— lo que se hace constar en la presente acta le fué leída al compareciente y testigos quienes conformes con su — contenido firmaron conmigo el Oficial.Doy Fé.PROFR.FRAN CISCO P.LAZCANO,JUAN GONZALEZ,ROBERTO CORDOBA,PEDRO POR TALES.(RUBRICAS).-

Es copia fiel tomada de su original a la que me re- expido a solicitud del... para todos los usos— civiles que a sus derechos convengan.

Cd.Anáhuac,N.L.,Febrero 15 de 1972
EL OFICIAL 1o.DEL REGISTRO CIVIL



GONZALO S.MONTEMAYOR LOZANO