

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

FEB 22 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| RAYMUNDO GONZALEZ-GARIBAY, | § § § | |
| Petitioner, | § § | |
| VS. | § | CIVIL ACTION NO. B-01-100 |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Raymundo Gonzalez-Garibay's ("Garibay") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1).

### SCOPE OF RELIEF AVAILABLE UNDER SECTION 2255

Following a conviction and exhaustion or waiver of the right to direct appeal, this Court must presume that a defendant stands fairly and finally convicted. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). Consequently, to obtain collateral relief, a prisoner must clear a significantly higher hurdle than that which exists on direct appeal. *See United States v. Frady*, 456 U.S. 152, 166 (1982). Errors of law that may justify reversal on direct appeal will not necessarily support a collateral attack under section 2255. *See Frady*, 456 U.S. at 165. Review of convictions under section 2255 is ordinarily limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice. *See id.* A defendant must show cause for the failure to raise the error and actual prejudice resulting from the asserted error. *See id.* at 167-68.

1

A prisoner may also obtain relief under section 2255 if he establishes that he is actually innocent of the offense for which he has been convicted. *See United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *Shaid*, 937 F.2d at 232. This narrow exception to the "cause and prejudice" test is limited to extraordinary circumstances involving "manifest miscarriage[s] of justice" that would result in the continued incarceration of one actually innocent of the offense." *Shaid*, 937 F.2d at 232; *Bousley v. United States*, 523 U.S. 614, 623 (1998). "'Actual innocence'" means 'factual innocence, and not mere legal insufficiency.'" *Bousley*, 523 U.S. at 623. To establish actual innocence, the petitioner must demonstrate that, "'in light of all the evidence,'" "it is more likely than not that no reasonable juror would have convicted him." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995)).

## GARIBAY'S SECTION 2255 MOTION

Raymundo Gonzalez-Garibay moves to vacate his sentence on the grounds that he received ineffective assistance of counsel. According to Garibay, his trial attorney was ineffective because he (1) failed to object to comments made by the district judge at voir dire and to the admission of Garibay's birth certificate at trial and (2) failed to investigate Garibay's claim that he derived United States citizenship from his father, a citizen parent.

To establish ineffective assistance of counsel, Garibay must allege and prove that (1) his counsel's performance was deficient, and (2) he was prejudiced by the deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it is objectively unreasonable. *See United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Moreover, in order to show prejudice, Garibay must demonstrate that "counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. When assessing

2

whether an attorney's performance was deficient, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689).

### RECOMMENDATION

With respect to his "counsel's failure to object" allegations, Garibay has shown neither cause for failing to raise these claims on appeal nor prejudice resulting from these claims. Consequently, Garibay is procedurally barred from arguing at this juncture that his counsel was ineffective because he failed to object to the district judge's comments at voir dire and to the admission of Garibay's birth certificate at trial. Garibay's second asserted error, contending that his counsel failed to investigate Garibay's derivative citizenship claim, is an "actual innocence" claim. If Garibay's claim of citizenship is correct, he would be entitled to section 2255 relief because he would be actually innocent of the offenses with which he was charged.

Generally, derivative citizenship is determined by the law in effect at the time of the birth of the child because nationality is fixed at the time of birth. *See Tullius v. Albright*, 240 F.3d 1317, 1320 (11th Cir. 2001); *United States v. Ahumada-Aguilar*, 189 F.3d 1121, 1124 (9th Cir. 1999); *Drozd v. Immigration and Naturalization Serv.*, 155 F.3d 81, 86 (2nd Cir. 1998); *United States v. Garcia-Mancha*, No. 2:96-CR-0021 (01), 2001 WL 282769, *6 (N.D. Tex. Mar. 15, 2001). Garibay was born in Mexico on April 8, 1967. At the time of his birth, section 301(a) of the 1952 Immigration and Nationality Act provided:

> (a) The following shall be nationals and citizens of the United States at birth:
>     (7) a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years.

3

8 U.S.C. § 1401(a)(7) (1967).[1] Accordingly, Garibay's father would have had to satisfy the ten-year physical presence requirement in order for Garibay to enjoy derivative citizenship.

This Court held an evidentiary hearing in order to determine the merits of Garibay's actual innocence assertion. At the evidentiary hearing, Juan Gonzalez, Garibay's father, testified that he was born in Mexico, but he acquired derivative citizenship from his mother who was a United States citizen. According to Gonzalez, he entered the United States by crossing the Rio Grande River in 1959. Between 1959 and 1967, Gonzalez worked as a day laborer at the Callaghan Ranch near Encinal, Texas, during the months of April through November. During the remaining months, Gonzalez returned to Mexico to visit his family by crossing the Rio Grande.

Gonzalez further testified that he learned that he might qualify for derivative citizenship in 1966. He contacted an attorney Arnulfo Guerra who assisted him by completing his application for citizenship because Gonzalez did not (and does not) speak, read, or write English. According to Gonzalez, Guerra did not review the forms with him, and the Immigration and Naturalization Service ("INS") Adjudications Officer who processed his application did not review the forms with him either. According to Gonzalez's Application for Certificate of Citizenship, which was admitted as Petitioner's Exhibit B, Gonzalez entered the United States on May 6, 1966. Gonzalez testified that he knew what was contained in the form and that he knew he was swearing to the truth of the information therein. Nevertheless, he testified that he did not know that the form stated that he

---

[1] In 1986, congressional amendments to the statute replaced the phrase "ten years, at least five" with "five years, at least two." Pub. L. No. 99-653, § 12, 100 Stat. 3655 (1986), now codified at 8 U.S.C. § 1401(g). There is no authority for the proposition that the amended provisions should be retroactively applied in this case. Even if the five-year physical presence requirement were retroactively applied, Gonzalez would nonetheless not satisfy the requirement because his testimony that he was physically present in the United States continuously between April through November of each year between 1959 and 1967 was inconsistent with the dates of birth of his first three children. According to Gonzalez, his first child was born April 30, 1963, his second child January 27, 1965, and his third child (the petitioner in this case) April 8, 1967. In order to father these children, Gonzalez would have had to have been in Mexico around the months of August and April of the years preceding his children's births; however, Gonzalez testified he lived in the United States during that time.

4

arrived in the United States on May 6, 1966.[2]

Rene Moreno, who has been an INS employee since 1975 and has been working as an INS District Adjudications Officer since 1983, also testified at Garibay's evidentiary hearing. Moreno testified that an Adjudications Officer reviews the citizenship application with the applicant and marks the items reviewed with red-ink checkmarks. When Moreno was shown Gonzalez's applications for citizenship on the stand, he identified the red-ink checkmarks that were on each of Gonzalez's applications. According to Moreno, these red marks beside particular questions indicate that the answers have been verified at the interview with the applicant. Moreno admitted that he was not employed by INS during the years in which Gonzalez submitted his citizenship applications, but he testified that there had been no changes in the examination of an individual's application at least since 1975.

After listening to the testimony and observing the demeanor of the witnesses at the evidentiary hearing, the Court is of the opinion that Gonzalez's testimony that he was physically present in the United States prior to 1966 is not credible. Accordingly, Garibay does not have a valid claim to derivative citizenship. Under the law in effect at the time of Garibay's birth, Gonzalez must have been physically present in the United States since 1957 in order for Garibay to be a United States citizen. Gonzalez's application for citizenship states that he arrived in the United States in 1966. Even if Gonzalez's testimony that he was present in the United States since 1959 were credible, the ten-year physical presence requirement is not met because Garibay was born in 1967. Garibay's derivative citizenship claim fails, and as a result, he has failed to show ineffective assistance of counsel.

---

[2]For reasons that are not relevant here, Gonzalez also submitted a second Application for Certificate of Citizenship in 1971 (Petitioner's Exhibit D) and a third Application for Certificate of Citizenship in 1976 (Petitioner's Exhibit E). Each of these applications stated that Gonzalez arrived in the United States on May 6, 1966.

5

IT IS therefore **RECOMMENDED** that Garibay's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1) is **DENIED**. IT IS further **RECOMMENDED** that this case be **DISMISSED** in its entirety.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 21st day of February, 2002.

John Wm. Black
United States Magistrate Judge