19

IN THE UNITED STATES DISTRICTCOURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 4 2002

Michael N. Milby
Clerk of Court

RAYMUNDO GONZALEZ        §
GARIBAY,                 §
    Petitioner          §
                         §    CIVIL ACITON NO. B-01-100
vs.                      §
                         §
UNITED STATES OF AMERICA, §
    Respondent          §

### DEFENDANT'S OBJECTIONS TO
### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

COMES NOW, Petitioner, RAYMUNDO GONZALEZ GARIBAY, and files this his
Objections to the Magistrate Judge's report and Recommendation received by petitioner on
February 25, 2002. Petitioner timely files this response thereto:

#### Defendant's Objections to Magistrate's Recommendation

Petitioner would object to Magistrate's recommendation regarding the status of his
derivative citizenship pursuant to 8 U.S.C. §1401. More specifically, the Honorable Magistrate
court correctly states that derivative citizenship is determined by the law in effect at the time of
the birth of the child  as nationality is fixed at the time of birth. _United States v. Ahumada-
Aguilar_, 189 F.3rd 1121 (9th Cir. 1999)

In the case at bar petitioner was born in Mexico on April 8, 1967. Although Petitioner
would not qualify as a U.S. citizen pursuant to his place of birth, petitioner qualifies for
derivative citizenship based on his father's nationality.

Petitioner's father, Juan Gonzalez was born on December 17, 1944.    Mr. Gonzalez
obtained U.S. citizenship by virtue of his mother, petitioner's grandmother.

At the time of the birth of the petitioner, the derivative citizenship statute read as follows:

(a)     The following shall be nationals and citizens of the United States at birth:

> (7) A person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at lease five of which were after attaining the age of fourteen years.

8 U.S.C. §1401 (a)(7)(1967).

Accordingly, pursuant to the statute in effect at the time of Raymundo Gonzalez Garibay, his father would have had to satisfy the ten year physical presence requirement in order for Garibay to enjoy derivative citizenship. However, as stated in Magistrate's recommendation, Congressional amendments in 1986 to the above-delineated statute replaced the phrase "ten years at least five" with "five at least two" (8 U.S.C. §1401(g)(1986). The new statute reads as follows:

> The following shall be nationals and citizens of the United States at birth:

> (g) a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, <u>was physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years</u>: Provided, That any periods of honorable service in the Armed Forces of the United States, or periods of employment with the United States Government or with an international organization as that term is defined in section 288 of Title 22 by such citizen parent, or any periods during which such citizen parent is physically present abroad as the dependent unmarried son or daughter and a member of the household of a person (A) honorably serving with the Armed Forces of the United States, or (B) employed by the United States Government or an international organization as defined in section 288 of Title 22, may be included in

order to satisfy the physical-presence requirement of this paragraph.   <u>This proviso shall be applicable to persons born on or after December 24, 1952, to the same extent as if it had become effective in its present form on that date;</u>

8 U.S.C. Section 1401(g) (1986)

Petitioner's father Juan Gonzalez testified that he came to the United States at some time period between 1959 and 1960.   Petitioner, as well as his other siblings, were born in Mexico, by virtue of frequent visitations.   Mr. Gonzalez testified the wage and labor rates were much more advantageous in the United States, and as a result he would reside in the United States and visit his family frequently.   Events clearly indicated Mr. Gonzalez was present permanently in the United States from 1959 to the present.   Although there is some question in the forms filled by the probation officers, or Mr. Gonzalez's attorney, when applying for lost citizenship papers, the evidence was clear, Mr. Gonzalez did not read or write English and could not clarify any of those errors in the reports as outlined in the Magistrate's report and recommendation.   The government failed to provide any evidence to rebut the evidence presented by Mr. Gonzalez's testimony and relied solely on the errors in the application for certificates of citizenship.   The government failed to meet the burden in this respect.

Although the magistrate correctly cites the statutes in effect at the time of petitioner's birth, the 1986 Congressional amendment appears to seek a retroactive application and as such lowered the requirements for residency from ten years to five.     See 8 U.S.C. §1401(g). Specifically provides "this proviso shall be applicable to persons born on or after December 24, 1952, to the same extent as if it had become effective in its present form on that date."   As such, pursuant to the amended statute, petitioner would enjoy derivative citizenship as long as his father was a permanent resident in the United States from 1962 forward.

As stated above the evidence was clear based on Mr. Gonzalez's testimony, as well as the fact that the government failed to provide any direct evidence to contradict same, that Mr. Gonzalez was present in the United States from 1959 forward. As such the provisions of §1401(g) were met and petitioner Raymundo Gonzalez Garibay would derive citizenship therefrom.

The Fifth Circuit has not addressed this issue directly. The Ninth Circuit appears to have the only case law directly discussing the interpretation of the 1986 amendments and their retroactive application. In *Baeta vs. Sonchik* 273 F.3rd 1261 (9th Cir. 2001), the court addressed situation similar to the case at bar. Said case involved a petitioner born in Portugal in 1959 who entered the United States in 1967. In 1993 he was convicted for lewd acts upon a child and sentenced to six years in prison. After serving his sentence the Immigration and Naturalization Service served Baeta with a notice to appear in immigration court for removal proceedings. The Court did not address the issue directly, however, in dicta, the court indicated that according to 8 U.S.C. §1401(g), his parents must have shown residency for a period of at least five years after the birth of the petitioner, although the Court ultimately concluded Baeta had no evidence of his parent's residency, the Court properly interpreted the statute and would have found he was a derivative citizen had the evidence shown his parents resided in the United States for at least five years. Id at 1265; See also, *Drozd vs. I.N.S.* 155 F.3d 81 (2nd Cir. 1998).

The fact situation in Baeta is remarkably similar to that of the case at bar. Petitioner was born in 1967, compared to Baeta who was born in 1959. The only matter that can be distinguished between the two cases is that of the fact that Petitioner does have clear and substantial evidence of residence by his father in the United States for a five year period prior to

his birth.   As such, the dicta in Baeta should be followed by this court interpreting the 1986

amendment to apply retroactively to all individuals born after 1952.

## **Conclusion**

Petitioner enjoys derivative citizenship by virtue of the amendments in 1986 to §1401(g).

Petitioner's father resided in the United States from 1959 to the present and as such complied

with the requirements of said statute.   Based on the evidence provided by the petitioner at the

evidentiary hearing, as well as the current interpretation of 1401(g), the Honorable Court should

not accept the Magistrate Court's Report and Recommendation and hold Raymundo Gonzalez

Garibay and hold Raymundo Gonzalez Garibay to be a derivative citizen and as such  vacate set

aside and correct the sentence pursuant to 28 U.S.C. §2255.

Respectfully submitted,


LAW OFFICES OF RICARDO M. ADOBBATI
134 E. Price Road
Brownsville, Texas  78521
Telephone: (956) 544-6881
Facsimile: (956) 544-6883


By:_____
RICARDO M. ADOBBATI
State Bar No. 00790208
Federal Id. No. 18158

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded on the _____ day of March, 2002.

United States Attorney's Office
600 E. Harrison
Brownsville, Texas  78520

_____
RICARDO M. ADOBBATI