United States District Court
Southern District of Texas
ENTERED

MAY 30 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| RAYMUNDO GONZALEZ-GARIBAY, <br> Petitioner, | § § § § | |
| VS. | § | CIVIL ACTION NO. B-01-100 |
| UNITED STATES OF AMERICA, <br> Respondent. | § § § § | |

## ORDER

Petitioner Raymundo Gonzalez-Garibay's ("Garibay") has filed a Request to Appeal District Court's Decision (Docket No. 23) in response to the district court's dismissal of his petition under 28 U.S.C. § 2255. In order to appeal properly the district court's order, the Antiterrorism and Effective Death Penalty Act of 1996 requires that Garibay obtain a certificate of appealability ("COA"). This Court will treat Garibay's Request to Appeal District Court's Decision as a petition for a COA and will consider the arguments he presented in his section 2255 petition (Docket No. 1) to determine whether the Court should issue a COA in this case.

### STANDARD FOR ISSUING COA

A court may issue a COA only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253. "A 'substantial showing' requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'" *Davis v. Johnson*, 158 F.3d 806, 809 (5th Cir. 1998) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)).

1

## I. Garibay's Ineffective Assistance of Counsel Claims

In his section 2255 petition, Garibay moved to vacate his sentence on the grounds that he received ineffective assistance of counsel. According to Garibay, his trial attorney was ineffective because he (1) failed to object to comments made by the district judge at voir dire, (2) failed to object to the admission of Garibay's birth certificate at trial, and (3) failed to investigate Garibay's claim that he derived United States citizenship from his father, a citizen parent.

To establish ineffective assistance of counsel, Garibay must allege and prove that (1) his counsel's performance was deficient, and (2) he was prejudiced by the deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it is objectively unreasonable. *See United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Moreover, in order to show prejudice, Garibay must demonstrate that "counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. When assessing whether an attorney's performance was deficient, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689).

### A. Counsel's Failure to Object

At voir dire, in response to a question from a juror relating to the length of the trial, the district court stated that she understood the trial to be a short one. (1 R. 54, p. 45). In his section 2255 petition, Garibay claimed that he received ineffective assistance of counsel because his attorney failed to object to this comment by the district judge. Garibay also complained that he received ineffective assistance of counsel because the district court admitted an English translation his Mexican birth certificate despite the objection of Garibay's counsel. In considering Garibay's

2

section 2255 petition, the district court adopted the magistrate judge's report and recommendation, concluding that Garibay was procedurally barred from arguing either of these ineffective assistance claims. This determination was correct because Garibay did not establish neither cause for failing to raise these claims on appeal nor prejudice resulting from these claims. Moreover, Garibay has not established that he was denied any of his constitutional rights as a result of his counsel's failure to object to the district judge's comments at voir dire or to the admission of Garibay's birth certificate at trial. "A federal district judge may comment on the evidence, question witnesses, bring out facts not yet adduced, and maintain the pace of the trial by interrupting or setting time limits on counsel." *United States v. Wallace*, 32 F.3d 921, 928 (5th Cir. 1994). For a judge's behavior to rise to the level of a constitutional violation, "the district judge's actions, viewed as a whole, must amount to an intervention that could have led to a predisposition of guilt by improperly confusing the functions of judge and prosecutor." *United States v. Bermea*, 30 F.3d 1539, 1569 (5th Cir. 1994). The judge's actions must be both "quantitatively and qualitatively substantial to meet this test." *Id.*

In Garibay's case, the district judge's actions were within her broad discretion to manage the trial. The district court neither commented upon Garibay's guilt nor upon the weight of the evidence. Additionally, the district judge provided a jury instruction clarifying her own role in the trial. The district judge instructed the jury that they were the "judges of the facts" and admonished the jury:

> Also, do not assume from anything that I may have done or said during the trial, that I have any opinion concerning any of these issues in the case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

(1 R. 55, p. 117, 180). The district judge's actions can hardly be characterized as objectionable, and Garibay's contentions fail to give even the slightest hint that he was denied any of his constitutional

3

rights as a result of his attorney's failure to object on these occasions.

### B. COUNSEL'S FAILURE TO INVESTIGATE

Garibay also argued that he received ineffective assistance of counsel because his attorney did not investigate Garibay's claim to derivative citizenship claim. The district court adopted the magistrate judge's recommendation that Garibay's derivative citizenship claim was invalid after the magistrate court held an evidentiary hearing on the matter.[1] A careful analysis of the law demonstrates that the district court did not err in its determination that Garibay's claim to citizenship failed. Accordingly, Garibay was not denied any of his constitutional rights resulting from his attorney's failure to investigate his claim to derivative citizenship.

Generally, derivative citizenship is determined by the law in effect at the time of the birth of the child because nationality is fixed at the time of birth. *See Tullius v. Albright*, 240 F.3d 1317, 1320 (11th Cir. 2001); *United States v. Ahumada-Aguilar*, 189 F.3d 1121, 1124 (9th Cir. 1999); *Drozd v. Immigration and Naturalization Serv.*, 155 F.3d 81, 86 (2nd Cir. 1998); *United States v. Garcia-Mancha*, No. 2:96-CR-0021 (01), 2001 WL 282769, *6 (N.D. Tex. Mar. 15, 2001). Garibay was born in Mexico on April 8, 1967. At the time of his birth, section 301(a) of the 1952 Immigration and Nationality Act provided:

> (a) The following shall be nationals and citizens of the United States at birth:
> (7) a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, <u>was physically present in the</u>

---

[1] At the evidentiary hearing, Juan Gonzalez, Garibay's father, testified that he was born in Mexico, but he acquired derivative citizenship from his mother who was a United States citizen. According to Gonzalez's testimony, he entered the United States by crossing the Rio Grande River in 1959. The Court found that this testimony was not credible because, *inter alia*, his three applications for citizenship all stated that he had been present in the United States since May 6, 1966. The evidence showed that Garibay was born April 8, 1967, and the Court held that he did not qualify for derivative citizenship because that Gonzalez did not meet the statutory ten-year physical presence requirement that was in effect at the time of Garibay's birth.

4

<u>United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years</u>.

8 U.S.C. § 1401(a)(7) (1967) [Emphasis added]. Thus, the district court concluded that Garibay's father would have had to satisfy the ten-year physical presence requirement in order for Garibay to enjoy derivative citizenship.

Garibay, however, points out that in 1986, congressional amendments to the statute replaced the phrase "ten years, at least five" with "five years, at least two"[2] and argues that a five-year physical presence requirement should be applied in his case based on the current language of the statute. The current statute provides in full:

> The following shall be nationals and citizens of the United States at birth:
>
> (g) a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, <u>was physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years</u>: *Provided,* That any periods of honorable service in the Armed Forces of the United States, or periods of employment with the United States Government or with an international organization as that term is defined in section 288 of Title 22 by such citizen parent, or any periods during which such citizen parent is physically present abroad as the dependent unmarried son or daughter and a member of the household of a person (A) honorably serving with the Armed Forces of the United States, or (B) employed by the United States Government or an international organization as defined in section 288 of Title 22, may be included in order to satisfy the physical-presence requirement of this paragraph. <u>This proviso shall be applicable to persons born on or after December 24, 1952, to the same extent as if it had become effective in its present form on that date[.]</u>

8 U.S.C. § 1401(g) (1986) [Emphasis added].

While the district court declined to apply the proviso retroactively to Garibay's case, Garibay argues that the proviso should be applied retroactively because the statute provides that "[t]his

---

[2]Pub. L. No. 99-653, § 12, 100 Stat. 3655 (1986), now codified at 8 U.S.C. § 1401(g).

5

proviso shall be applicable to persons on or after December 24, 1952, to the same extent as if it had become effective in its present form on that date." Garibay relies on *Baeta v. Sonchik*, 273 F.3d 1261, 1265 (9th Cir. 2001), asserting that while *Baeta* "did not address the issue directly[,] in dicta, the court indicated that according to 8 U.S.C. § 1401(g), [the petitioner's] parents must have shown residency for a period of at least five years after the birth of the petitioner[.]" (Petitioner's Written Objections, Docket No. 19).

Garibay's argument does not prevail for several reasons. First, the last sentence of the statute refers only to the "proviso." According to Black's Law Dictionary, a statutory "proviso" is a "clause or part of a clause in a statute, the office of which is either to except something from the enacting clause, or to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of its extent." BLACK'S LAW DICTIONARY 1225 (6th ed. 1990). The proper use of a proviso "is to qualify what is affirmed in the body of the act, section, or paragraph preceding it, or to except something from the act, but not to enlarge the enacting clause. And it cannot be held to enlarge the scope of the statute." *Id.* Garibay attempts to enlarge the scope of the statute by claiming that the five-year physical presence requirement is retroactive not only to parents who served abroad in the armed forces, with the United States government, or with certain international organizations, but also to parents who were *not* employed abroad by the government or an international organization or who did not serve abroad in the military. Accordingly, he argues that he should enjoy derivative citizenship as long as his father was physically present in the United States since April 7, 1962.[3]

Garibay misconstrues the statute. The proviso explains that periods spent abroad in government employment or military service satisfies the five-year physical presence requirement.

---

[3]Garibay was born April 8, 1967.

The last sentence explains that the proviso applies retroactively to persons born on or after December 24, 1952. In other words, the five-year physical presence requirement is satisfied even if parents spent a portion of that time abroad in government employment or military service; and this five-year physical presence requirement is retroactively applied to parents who performed government employment or military service abroad and had children who were born on or after December 24, 1952. Garibay's father never served in the U.S. military abroad, and he was never a government employee or an employee of an international organization within the meaning of the statute. Consequently, the proviso cannot be applied to Garibay's case, and Garibay's father must have been physically present in the United States for ten years (because that was the law at the time of Garibay's birth) in order for Garibay to attain derivative citizenship.

Furthermore, not only is the dicta in *Baeta* non-binding and lacking precedential value, but it is arguable that the legal implications of *Baeta*'s dicta are incorrect. The Ninth Circuit in *Baeta* did not cite anywhere in the opinion the settled proposition of that Circuit that derivative citizenship is determined by the law in effect at the time of the child's birth. *See e.g., Ahumada-Aguilar*, 189 F.3d at 1124. It further makes no mention that at the time of the petitioner's birth, a ten-year physical presence requirement had to be satisfied to acquire derivative citizenship. "[T]he first panel to consider an issue sets the law not only for all the inferior courts in the circuit, but also future panels of the court of appeals." *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001). *Ahumada-Aguilar* was a Ninth Circuit decision issued in 1999, almost two years prior to *Baeta*. In it, the court held that "[t]he applicable law for transmitting citizenship to a child born abroad when one parent is a U.S. citizen is the statute that was in effect at the time of the child's birth." *Ahumada-Aguilar*, 189 F.3d at 1124. This proposition controls in *Baeta*, but the later panel apparently did not refer to

7

it. *Baeta* can hardly be said to interpret the proviso of section 1401(g) as applying a five-year physical presence requirement retroactively to parents who did not perform military service abroad or who were not employees of the United States government or certain international organizations abroad. The opinion does not allude to the proviso or indicate that the five-year physical presence requirement would apply to the parents of persons who were born on or after December 24, 1952.

Additionally, at least one federal district court in Texas has maintained in dicta that derivative citizenship is determined by the law in effect at the time of the birth of the child. *See Garcia-Mancha*, 2001 WL 282769, at*6. In *Garcia-Mancha*, the district court found that:

> The Immigration Judge stated that the law in effect on September 26, 1961, the date of defendant's birth, required that when a child is born outside of the United States to one citizen parent and one alien parent, in order for that child to acquire citizenship, the citizen parent had to have been physically present in the United States for a period of ten years, at least five of which were after the age of fourteen (14) years, prior to the child's birth. . . . There is valid evidence his father resided in the United States for the requisite number of years prior to the defendant's birth to entitle the defendant to "derivative citizenship."

2001 WL 282769, at *6, *9 (footnotes omitted). In a footnote, the district court quoted the current statutory language mandating only a five-year physical presence requirement, but the court did not retroactively apply the five-year physical presence requirement to the petitioner in that case, as Garibay would urge here, despite that he was born after December 24, 1952, the date benchmarked by the proviso in section 1401(g).

Garibay has not made a substantial showing of the denial of any of his constitutional rights. IT IS therefore **ORDERED** that Garibay's petition for certificate of appealability (Docket No. 23) is **DENIED**.

DONE at Brownsville, Texas, this ____ day of May, 2002.

Hilda Tagle
United States District Judge