IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States District Court
Southern District of Texas
FILED

DEC 0 9 2002

Michael N. Milby
Clerk of Court

U.S. COURT OF APPEALS
FILED

DEC 4 2002

CHARLES R. FULBRUGE III
CLERK

No. 02-40680
USDC No. B-01-CV-100
B-99-CR-20-ALL

UNITED STATES OF AMERICA,

          Plaintiff-Appellee,

versus

RAYMUNDO GONZALEZ-GARIBAY,

          Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas

---

O R D E R:

  Raymundo Gonzalez-Garibay, federal prisoner # 82756-079, has filed a motion for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion. Gonzalez was convicted of attempting to reenter the country after having been deported and falsely representing that he was a U.S. citizen when attempting to reenter. He argues that his attorney was ineffective for failing 1) to investigate Gonzalez-Garibay's citizenship derived from his father and for not calling his father to testify at trial; 2) to object to the admission of

ORDER
No. 02-40680
- 2 -

Gonzalez-Garibay's birth certificate translated into English; 3) to object to the trial court's comments during the voir dire of the jury anticipating that the trial would be short; and 4) to object to the trial court's response to a question from the jury during its deliberations about the definition of citizenship. The district court denied the 28 U.S.C. § 2255 motion after an evidentiary hearing, at which Gonzalez-Garibay's father and an Immigration and Naturalization Service officer testified.

To obtain a COA, Gonzalez must make a substantial showing of the denial of a constitutional right, which requires him to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

The district court's determination that Gonzalez-Garibay had not derived citizenship from his father at the time of Gonzalez-Garibay's birth was not error, and he has not shown ineffective assistance of counsel with respect to his claims of failure to investigate and call his father as a witness. See 8 U.S.C. § 1401(a)(7) (West 1952); United States v. Cervantes-Nava, 281 F.3d 501, 503 n.3 (5th Cir. 2002); see also United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989); Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985). Nor has he shown clear error with the district court's factual determination about when his father entered the country.

O R D E R
No. 02-40680
- 3 -

Gonzalez-Garibay has also not shown that his birth certificate was inadmissible, that the trial court's comment about the trial being short denied him a fair trial, or that the jury would have reached a different conclusion had it been instructed on the definition of citizenship. See <u>United States v. Lankford</u>, 196 F.3d 563, 573 (5th Cir. 1999); <u>United States v. Bermea</u>, 30 F.3d 1539, 1569 (5th Cir. 1994); <u>United States v. Mitchell</u>, 166 F.3d 748, 752 (5th Cir. 1999). He has not made the requisite showing for COA with respect any of his ineffective-assistance-of-counsel claims.

His request for a COA is DENIED.

_____
JACQUES L. WIENER, JR.
UNITED STATES CIRCUIT JUDGE