

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

MAY 1 7 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

RAYMUNDO GONZALEZ GARIBAY, §
    Petitioner, §
  §
VS. §
  § CIVIL ACTION NO. B-01-100
  §
UNITED STATES OF AMERICA, §
    Respondent. §

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is a Motion for Relief from Judgment pursuant to FED. R. CIV. P. 60(b) (Docket No. 28) filed by pro se petitioner, Raymundo Gonzalez Garibay ("Garibay"). Incorporated therein is a Motion for Leave to File an Amended Complaint pursuant to FED. R. CIV. P. 15(a). For the reasons stated below, it is recommended that both motions be denied.

### I. Background

On January 19, 1999, Garibay was indicted in the United States District Court for the Southern District of Texas, Brownsville Division for illegal re-entry of an alien in violation of 8 U.S.C. § 1326(a) and (b) (Count 1) and falsely claiming to be a citizen of the United States in violation of 18 U.S.C. § 911 (Count 2).[1] Garibay was represented by Assistant Public Defender, Sandra Z. Zayas. After a jury trial, Garibay was found guilty on both counts and sentenced to seventy-seven months imprisonment on Count 1 and thirty-six months on Count 2, to run concurrently.

Garibay filed his Notice of Appeal on June 18, 1999, with the United States Court of Appeals for the Fifth Circuit. The record is unclear as to the arguments Garibay made on appeal.

---

[1] *USA v. Gonzalez-Garibay*, Criminal Case No. B-99-020.

Garibay's appeal was dismissed as frivolous.[2]

Garibay filed a pro se Motion to Vacate pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of Texas, Brownsville Division on June 15, 2001, claiming ineffective assistance of counsel. He argued that counsel failed to investigate his derivative citizenship claim. Magistrate Judge Felix Recio appointed attorney, Ricardo M. Adobbati,[3] to represent Garibay and set the matter for an evidentiary hearing. Due to a conflict of interest, the case was subsequently transferred to Magistrate Judge John Wm. Black. On February 8, 2002, an evidentiary hearing was held. Garibay's father testified that he had been in the United States since 1959. Garibay argued, that under the applicable immigration law in effect at the time of his birth, he could make a claim for derivative citizenship.[4]

A Report and Recommendation (Docket No. 18) dated February 21, 2002, recommended that Garibay's Motion to Vacate be denied. The undersigned found that Garibay's father's testimony regarding his physical presence was not credible. It was noted that even if Garibay's father were physically present in the U.S. since 1959, the derivative citizenship claim would fail because Garibay was born prior to his father's residing in the U.S. ten years.[5] United States

---

[2]Mandate issued July 19, 2000.

[3]Also referred to as "Ad Testificandum Counsel" by Garibay in his pleadings.

[4]At the time of Garibay's birth, section 301(a) of the 1952 Immigration and Nationality Act provided:
(a) The following shall be nationals and citizens of the United States at birth:
    (7) a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years. 8 U.S.C. § 1401(a)(7) (1967).

[5]Under the law in effect at the time of Garibay's birth, Gonzalez must have been physically present in the United States since 1957 in order for Garibay to be a United States citizen.

2

District Judge Hilda J. Tagle adopted the recommendation (Docket No. 20) on March 12, 2002, and dismissed the case in its entirety.

On April 18, 2002, Garibay filed a Notice of Appeal and application for a Certificate of Appealability ("COA") (Docket No. 24). Garibay argued therein that his attorney was ineffective for (1) failing to investigate Garibay's claim of derivative citizenship and failing to call Garibay's father as a witness, (2) failing to object to the admission of his Mexican birth certificate, (3) failing to object to the Court's comments during voir dire regarding the length of the trial, and (4) failing to object to the trial court's response to a jury question regarding the definition of citizenship. Judge Tagle denied Garibay's application for COA (Docket No. 25).

Garibay appealed the denial and on December 4, 2002, the Fifth Circuit denied Garibay's request for a COA (Docket No. 27). The Fifth Circuit found that (1) the district court's determination that Garibay had not derived citizenship from his father at the time of Garibay's birth was not error, (2) Garibay did not show ineffective assistance of counsel with respect to his claims of failure to investigate and to call his father as a witness, (3) Garibay did not show clear error in the district court's factual determination about when his father entered the country, (4) Garibay did not show that his birth certificate was inadmissable or that the jury would have reached a different conclusion had it been instructed on the definition of citizenship. Garibay then filed the instant motion (Docket No. 28) on December 22, 2003.

## II. Analysis

### A. Motion for Relief from Judgment Under FED. R. CIV. P. 60(b)

Garibay now argues that jurisdiction is proper under FED. R. CIV. P. 60(b)(1) and (6) and seeks to vacate the court's order denying his § 2255 motion. Garibay states in his brief that,

3

"While Plaintiff premises his Rule 60(b) motion on one provision of Rule 60(b)(1), he also attempts to specify a basis for vacation of the district court's denial of his §2255 motion under Rule 60(b)(6), a catchall provision...".[6]

FED. R. CIV. P. 60, entitled "Relief from Judgment or Order," regulates the procedures by which a party may obtain relief from a final judgment.[7] Subsection(b) of the rule sets forth specific grounds upon which the Court may relieve a party from judgment:

> "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

The rule further provides that motions based on grounds one, two, and three must be filed within in a reasonable time after judgment, but in no event later than one year after the judgement or order. Motions based on the remaining grounds must be made within a reasonable time after judgment, but not necessarily within one year. The rule further states:

> "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgement, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." FED. R. CIV. P. 60(b).

### 1. Subsection (b)(1)

Although Garibay states that he seeks relief pursuant to subsection(b)(1), he fails to

---

[6]Docket No. 28, Petitioner's Motion for Relief from Judgement, p.10, ¶4.

[7]See 11 Fed. Prac. & Proc. Civ.2d § 2851(WRIGHT & MILLER TREATISE).

4

clarify which factor(s) are at issue, i.e. mistake, inadvertence, surprise or excusable neglect, and the facts pertaining thereto. Garibay believes that he received ineffective assistance from his Ad Testificandum counsel throughout the §2255 proceedings, as counsel failed to make certain arguments, which Garibay now presents in the instant motion, i.e. (1) equitable estoppel, (2) his derivative citizenship claim in consideration of the BIA's holding in *Matter of Navarette*, 12 I&N Dec. 138 (BIA 1967), and (3) ineffective assistance of trial counsel.

With regard to the arguments made under subsection (b)(1), Garibay's motion is untimely, as it was filed more than one year after the judgment. District Judge Hilda J. Tagle signed the order adopting the magistrate's recommendation denying Garibay's §2255 motion on March 12, 2002. Garibay filed the instant motion on December 22, 2003, well beyond the one year time limit provided for in FED. R. CIV. P. 60(b).

### 2. Subsection (b)(6)

Subsection(b)(6) gives the courts power to vacate judgments whenever it is appropriate to accomplish justice. *Maddox v. Runyon*, 139 F.3d 1017, 1020 (5th Cir.1998). A motion under this section does not have to be filed within a year from the judgment, but must be filed within a reasonable time after the judgment. In cases where relief is sought more than a year after the judgment has been entered, the courts have developed and applied an "extraordinary circumstances" test. If the reasons for seeking relief could have been considered in an earlier motion under another subsection of the rule, then the motion will be granted only when extraordinary circumstances are present. If the movant clearly demonstrates some "other reason" justifying relief outside of the earlier clauses in the rule, then the "extraordinary circumstances" test is not invoked. *See Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266

(1949).

Garibay's argument regarding subsection(b)(6) is equally difficult to decipher. It appears that Garibay believes relief under this subsection is warranted due to "extraordinary circumstances". Garibay states that, "Plaintiff will demonstrate that extraordinary circumstances exist which prevented Plaintiff's father's ability to comply with the residence requirements required of a citizen parent ... due to a government official's misconduct and misinformation of pertinent and existing law, as told to the Gonzalez family in 1964, upon their inquiry to the American Consulate of Nuevo Laredo, Tamaulipas Mexico, pertaining to their American Citizenship status".[8] Garibay also states that "denial of Plaintiff's Rule 60(b)(6) motion will work an undue hardship on Plaintiff... [as] Plaintiff has not had an opportunity to have this underlying claim considered by the court(s)".[9]

In this case, Garibay obviously misunderstands the "extraordinary circumstances" component of Rule 60(b). The extraordinary circumstances test applies when the motion is filed more than one year after entry of the judgment and the reasons for seeking relief could have been considered in an earlier motion under another subsection of the rule. Garibay mistakenly extracts the phrase "extraordinary circumstances" out of the context of the rule and transforms it into a quasi-defense for his derivative citizenship claim.

District Judge Hilda J. Tagle signed the order adopting the magistrate's recommendation denying Garibay's § 2255 motion on March 12, 2002. Garibay filed the instant motion on December 22, 2003. A motion under this section must be filed within a reasonable time after the

---

[8] Docket No. 28, Petitioner's Motion for Relief from Judgement, p.11, ¶2.

[9] Docket No. 28, Petitioner's Motion for Relief from Judgement, p.11, ¶3.

judgment, but not necessarily within one year. In this case, Garibay filed his motion more than one year after the judgment and his reasons for seeking relief could have been presented in an earlier motion under another subsection of the rule. Garibay has failed to demonstrate extraordinary circumstances as is required under the rule and therefore his request for relief under this section is inappropriate.

### B. Motion for Leave to File an Amended Complaint Under FED. R. CIV. P. 15

Garibay not only seeks relief from the denial of his § 2255 motion under Rule 60, but also attempts to amend his initial § 2255 pleading under Rule 15, in order to introduce substantive legal arguments in support his claim of derivative citizenship. Garibay states, "Plaintiff presents his motion seeking amendment of his timely filed § 2255 motion bringing to this Court's attention pertinent and existing law applicable to his citizenship claim."[10]

Garibay's § 2255 motion was denied after a full evidentiary hearing on the merits of his derivative citizenship claim. Garibay's subsequent request for COA was denied by the Fifth Circuit. Garibay is unsuccessfully attempting to circumvent the courts' rulings by fashioning new mechanisms under the rules to reintroduce previously adjudicated arguments.

### III. Recommendation

**IT IS** therefore **RECOMMENDED** that Garibay's Motion for Relief from Judgment and Motion for Leave to File an Amended Complaint (Docket No. 28) be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

---

[10] Docket No. 28, Petitioner's Motion for Relief from Judgement, p. 20, ¶1.

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 17th day of May, 2004.

/s/ John Wm. Black
John Wm. Black
United States Magistrate Judge