30

United States Courts
Southern District of Texas
FILED

JUN 0 3 2004

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
~ BROWNSVILLE DIVISION ~

| | | |
|---|---|---|
| RAYMUNDO GONZALEZ-GARIBAY, | § | CIVIL ACTION NO.        B-01-100 |
|    Plaintiff/Petitioner, | § | (C.R. NO.    B-99-020-01) |
| | § | (DIRECT APPEAL NO.        99-40766) |
| vs. | § | (U.S.D.C. NO.    B-01-CV-100) |
| | § | (C.O.A. APPLICATION NO.    02-40680) |
| UNITED STATES OF AMERICA, | § | (WRIT OF CERTIORARI NO.    02-11160) |
|    Defendant/Respondent. | § | |
| | § | |

United States District Court
Southern District of Texas
FILED

JUN 0 9 2004

Michael N. Milby
Clerk of Court

### PETITIONER'S OBJECTIONS
### TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Comes now into Court pro se 1/, Plaintiff/Petitioner RAYMUNDO GONZALEZ-GARIBAY ("Mr. Garibay"). Therefrom, Mr. Garibay ask this Honorable Court in the interest of justice, to allow litigation of Mr. Garibay's Motion for "Relief from Judgment pursuant to FEDERAL RULES OF CIVIL PROCEDURE ("Fed.R.Civ.P."), RULE 60(b)(Docket No. 28), filed by pro se Mr. Garibay. Incorporated therein is a 'Motion for Leave to File an Amended Complaint' pursuant to Fed.R.Civ.P., Rule 15(a); and 15(c)(2)." For the reasons stated below, Mr. Garibay pleads this Honorable Court that, the motion(s) be granted and heard.

### I. BACKGROUND

On January 19th, 1999, Mr. Garibay was indicted in the United States ("U.S.") District Court for the Southern District of Texas, Brownsville Division for attempted Illegal Re-entry of an alien in violation of 8 U.S.C. § 1326(a) and (b)(Count I) and falsely claiming to be a citizen of the U.S. in violation of    18

---

1. The Unied States Supreme Court has instructed courts "to hold pleadings filed by pro se litigants to a less strigent standard than those filed by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). As Justice Southerland wrote in Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55 (1932)("[e]ven the intelligent and educated layman has small and sometimes no skill in the science of law."). Id., at 69, 53 S.Ct., at 55.

U.S.C. § 911 (Count II). See U.S.A. v. Gonzalez-Garibay, Criminal No. B-99-020. Mr. Garibay was represented by Assistant Public Defender, Sandra Z. Zayas. The Sixth Amendment included the guarantee of assistance of counsel because "it evision[ed] counsel playing a role that is critical to the ability of the adversarial system to provide just results." The " 'very premise' of our adversary system *** is that partisan advocacy on both sides of the case will best promote the ultimate objective that the guilty be convicted and the innocent go free, and it was this 'very premise' that underlies and gives meaning to the Sixth Amendment." "The right to effective assistance" of counsel, the U.S. v. Cronic, 466 U.S. 648, 104 S.Ct. 2039 (1984), opinion noted, is the right of the accused to require the prosecutor's case to survive the crucible of meaningful adversary testing." See Docket No. 28, Mr. Garubay's Motion for Relief from Judgment ("Mr. Garibay's Petition"), p.(s) 25-39, including exhibits. See also McMann v. Richardson, 397 U.S. 759, 771 n. 4 (1970)(the right to counsel is the right to effective assistance of counsel). After a jury trial, Mr. Garibay was found guilty in both counts of the indictment. See also Wiggins v. Smith, 539 U.S. -, 123 S.Ct. - (2003)(finding trial counsel constitutionally ineffective for failing to conduct a reasonable adequate pretrial investigation).

Mr. Garibay timely filed a Notice of Appeal on June 18th, 1999, with the U.S. Court of Appeals for the Fifth Circuit. On December 15th, 1999, court appointed counsel on appeal filed a "Motion for Leave to Withdraw as Counsel," claiming the appeal presented no legally non frivolous question. See Mr. Garibay's Petition, Exhibit No. 8.

On the face of the record, Mr. Garibay's appellate counsel failed to satisfy Anders v. California, 386 U.S. 738 (1967), by refusing to identify any appellate issues. This error rendered appellate counsel's performance constitutionally deficient under the Sixth Amendment. See Strickland v. Washington, 466 U.S. 668, at 687-91. The absence of any meaningful legal assistance in the instant case makes

(2)

a mockery of the representation of indigent defendants contemplated by the U.S.

Supreme Court in U.S. v. Cronic, 466 U.S., 659; Penson v. Ohio, 488 U.S. 75, supra,

at 88-89 (1988).

Mr. Garibay's appeal was dismissed as frivolous. See Mr. Garibay's Petition,

exhibit no.  9  . Mr. Garibay contends that the appellate court should not have

acted on the "Motion to Withdraw" before it made its own examination of the record

to determine whether counsel's evaluation of the case was sound. Obviously a court

cannot determine whether counsel is in fact correct in concluding that an appeal

is frivolous without itself examining the record for arguable appellate issues.

The U.S. Supreme Court plainly stated this requirement in Ellis v. U.S., 356 U.S.

674, 675 (1958), it was repeated in Anders v. California, and it was reiterated

in McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988). As the Supreme

Court explained in McCoy:

> "To satisfy federal constitutional concerns, an appellate court faces
> two interrelated tasks as it rules on counsel's motion  to withdraw.
> First, it must satisfy itself that the attorney has provided the cli-
> ent with a diligent and thorough search of the  record for  any
> arguable claim that might support the client's appeal. Second,  it
> must determine whether counsel has correctly concluded that the appe-
> al is frivolous ."

Ibid. Here, on  February  29th, 2000, Mr. Garibay presented to the Fifth Circuit

Court of Appeals a "Response to Anders Brief" motion (claiming derived U.S.

citizenship, pursuant to the "Immigration and Nationality Act, section 301, June

27, 1952 (8 U.S.C. § 1401 [8 U.S.C. § 1401])), and nationality status therefrom;

furthermore, nationality status from having surrendered his allegiance to the U.S.

via registration and acceptance by the U.S. Selective Service System, North

Suburban, IL 60197-4636, i.e., Selective Service Number 67-1765118-3, Last Action

Date 03-25-87. See Mr. Garibay's exhibit no.  1. As Mr. Justice Murphy said in

Schneiderman v. U.S., 320 U.S. 118, 63 S.Ct. 1333 (1943):

" *** [I]t is safe to assert that nowhere in the world today is the

> right of citizenship of greater worth to an individual than it is in
> this country. It would be difficult to exxaggerate its value and imp-
> ortance. ..."

320 U.S., at 122, 63 S.Ct., at 1335.

On June 15th, 2001, Mr. Garibay timely filed his 28 U.S.C. § 2255 motion -
(which he now seeks to amend via Fed.R.Civ.P., Rule 15(c)(2). See Mr. Garibay's
Petition, p.(s) 16-20)) - to Vacate, Set Aside, or Correct Sentence (claiming
ineffective assistance of counsel for failure of counsel to properly investigate
pertinent law to Mr. Garibay's claim of U.S. citizenship); on July 13th, 2001, the
government was ordered to respond to Mr. Garibay's § 2255 motion; on September
12th, 2001, the government petitioned for an "Extension of Time" to respond to Mr.
Garibay's § 2255 motion (claiming opposition unknown); on September 17th, 2001,
U.S. Magistrate Judge, Felix Recio, granted the government's petition; on October
1st, 2001, the government responded to Mr. Garibay's § 2255 motion; on October
11th, 2001, Mr. Garibay filed his "Rebuttal to Government's Response"; on November
7th, 2001, Magistrate Judge, Felix Recio, filed his "Order of Administrative
Transfer" claiming "conflict of interest." See Mr. Garibay's Petition, Exhibit
No.(s) 12; 13; 14; 15; 18; 19; and 17.

On November 5th, 2001, a "Writ of Habeas Corpus Ad Testificandum" was issued,
requireing Mr. Garibay's presence in court. See Mr. Garibay's Petition, Exhibit
NO. _16_. Furthermore, on November 5th, 2001, the court appointed Ad Testificandum
counsel to represent Mr. Garibay in the "Evidentiary Hearing" proceedings, set
for December 13th, 2001. See Mr. Garibay's Petiton, Exhibit No. _21_. As was noted
by the Fifth Circuit in Caraway v. Beto, 421 F.2d 636 (5th Cir. 1970):

> "an attorney cannot render reasonably effective assistance of counsel
> unless he has acquainted himself witht he law and facts of the case.
> Our adversarial system is designed to serve the ends of justice;  it
> cannot do that unless accused's counsel presents an  intelligent and
> knowledgeable defense. Such a defense · requires ·investigation and
> preparation."

421 F.2d, at 637.

(4)

On December 12th, 2001, the December 13th, 2001, evidentiary hearing was re-set for January 28th, 2002. See Mr. Garibay's exhibit no. _2_ , ¶ 14. On January 10th, 2002, an "unopposed" motion for continuance of the evidentiary hearing was filed. See Mr. Garibay's exhibit no. _2_ , ¶ 15. On January 16th, 2002, the unopposed motion for continuance was granted. See Mr. Garibay's exhibit no. _2_ , ¶ 16.

The twice re-set December 13th, 2001, evidentiary hearing, was conducted on February 8th, 2002, and was limited solely to Mr. Garibay's father (Mr. Gonzalez), not meeting the residence requirement of 8 U.S.C. § 1401(a)(7)(1952). In the proceedings Ad Testificandum counsel did not bother to investigate the facts or law of the instant case, proceedings and violations which Mr. Garibay now presents to this Honorable Court in his §§ 15(a); and 15(c)(2) motion. See Mr. Garibay's Petition, p.(s) 20-39. Nor did Ad Testificandum counsel research a Board of Immigration Appeal citizenship case that, is analogous to the facts of the instant case. See Mr. Garibay's Petition, p.(s) 24-25; see also Matter of Navarette, 12 I. & N. Dec. 138 (BIA 1967).

On March 4th, 2002, unbeknown to Mr. Garibay that an evidentiary hearing had been conducted, contrary to the "Writ of Habeas Corpus Ad Testificandum" which, required Mr. Garibay's presence in court, see Mr. Garibay's Petition, Exhibit No. _16_ , and with out knowledge of the contents thereof, Ad Testificandum Counsel filed a "Defendant's Objections to the Magistrate Judge's Report and Recommendation," knowing from the evidentiary hearing proceeding, see Mr. Garibay's Petition, Exhibit No. _23_ , that derivative citizenship is determined by the law in effect at the time of the child's birth, Ad Tesificandum Counsel argued 8 U.S.C. § 1401(g)(1986). See Mr. Garibay's Petition, Exhibit No. _24_ , p. 5 "CONCLUSION."

On March 19th, 2002, this Honorable Court adopted the U.S. Magistrate Judge's

Report and Recommendation, and recommeded that the case be dismissed in its entirety. See Mr. Garibay's Petition, Exhibit No. 25 . On April 12th, 2002, Mr. Garibay presented Ad Testificandum Counsel, a letter attempting to bring to his attention and to this Honorable Court's attention, case log that is pertinent to the instant case, and a desire to appeal the District Court's Decision, a letter that Ad Testificandum Counsel filed with out researching or typing. See Mr. Garibay's Petition, Exhibit No. 26 . On May 30th, 2002, this Honorable Court denied Mr. Garibay's petition for Certificate of Appealability to the District Court's Decision. See Mr. Garibay's Petition, Exhibit No. 29 .

On September 6th, 2002, Ad Testificandum Counsel, filed with the Fifth Circuit Court of Appeals, a "Certificate of Appealability with Brief in Support," see Mr. Garibay's Petition, Exhibit No. 36 , not bothering to raise the issues pertinent to the instant case, as required of by Mr. Garibay that, Ad Testificandum Counsel raise verbatim or synnonymous thereto. See Mr. Garibay's Petition, Exhibit No. 31 . On December 4th, 2002, the Fifth Circuit Court of Appeals "denied" Mr. Garibay's Certificate for Appealability, see Mr. Garibay's Petition, Exhibit NO. 39 , without having heard or reviewed the meritorious issues Mr. Garibay requested of Ad Testificandum Counsel to raise and file. See Mr. Garibay's Petition, Exhibit No. 31 . On January 2d, 2003, unbeknown to Mr. Garibay, Ad Testificandum Counsel, filed with the Fifth Circuit Court of Appeals a "Motion for Reconsideration," which the Fifth Circuit "denied" on January 22d, 2003. See Mr. Garibay's Petition, Exhibit No. 40 .

After two unsuccessful attempts to bring to the U.S. Supreme Court's attention the violations that Mr. Garibay had been subjected to, see Mr. Garibay's Petition, Exhibit No.(s) 44 , and 45 , Mr. Garibay's Petition for a "Writ Of Certiorari," was filed, as of March 3rd, 2003, and placed on the docket June 13th, 2003, i.e. Docket No. 02-11160. See Mr. Garibay's Petition, Exhibit No. 46 .

On October 6th, 2003, the U.S. Supreme Court "denied" Mr. Garibay's Petition for a "Writ of Certiorari." See Mr. Garibay's Petition, Exhibit No. __47__.

On December 3d, 2003, Mr. Garibay filed with this Court, in accordance with Houston v. Lack, 487 U.S. 266 (1988), the instant motion for "releif from Judgment; and Leave to File an Amended Complaint. See Mr. Garibay's exhibit no. __3__, not on December 22nd, 2003, as professed by the government in the Magistrate Judge's Report and Recommendation, page 3, ¶ 3.

## II. ANALYSIS

### A. Fed.R.Civ.P., Rule(s) 15(a); and 15(c)(2)

The appropriate starting point for amendment of pleading is Fed.R.Civ.P., Rule 15(a). Rule 15(a) provides in pertinent part:

> ... Otherwise a party may amend the party's pleading only by leave of court ...: "and leave shall be freely given when justice so requires." A party shall plead on response to an amended pleading ... within 10 days after service of the amended pleading, ....

In Paganis v. Bolenstein, 3 F.3d 1067 (7th CIr. 1993), it was noted that "a district court generally should first examine the merits of a rule 15(a) motion before deciding whether to grant a Rule 59(e) or 60(b) motion." Paganis, 3F.3d, at 1073 n. 7.

In the instant case, this Court entered judgment denying Mr. Garibay's § 2255 motion on March 19th, 2002, see Mr. Garibay's Petition, Exhibit No. __25__, not March 19th, 2002, as the government professes, see Magistrate Judge's Report and Recommendation, page 5, ¶ 2. This is not fatal to Mr. Garibay's claim of derived U.S. citizenship, as a court may grant a plaintiff's motion for leave to amend even after judgment has been entered. See e.g., U.S. v. Labor Party v. Oremus, 619 F.2d 683, at 692 (7th Cir. 1980). See also 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1473, at 520 (2d ed. 1990)(suggesting that the function of amendments under Rule 15(a) is to allow a party "to assert matters that were overlooked or were unknown at the time of the original [motion]").

(7)

In <u>Foeman v. Davis</u>, 371 U.S. 178, 83 S.Ct. 227 (1962), the Supreme Court stated:

> [T]his mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.

<u>Foeman</u>, 371 U.S., at 182, 83 S.Ct., at 230. Similarily, the Fifth Circuit is also in agreement with the Supreme Court. See <u>Prince v. Pinnacle Brands, Inc.</u>, 138 F.3d 602, 608 (5th CIr. 1998)(citing Foeman v. Davis).

Accordingly, the Fifth Circuit has held that if the district court lacks a "substantial reason to deny leave, its discretion is "not broad enough to permit denial." <u>Jamieson By and Through Jamieson v. Shaw</u>, 772 F.2d 1205, 1208 (5th Cir. 1985); <u>Dussoy v. Gulf Coast Investment Corp.</u>, 660 F.2d 594, 598 (5th Cir. 1981); <u>Lone Star Motor Import, Inc. v. Citreon Cars Corp.</u>, 288 F.2d 69 (5th Cir. 1961)(abuse of discretion to deny leave to file valid amended complaint).; <u>Wright & Miller, Federal Practice and Procedure</u>, § 1471, at 505-06 (observing that the purpose of 15(a) "is to provide maximum opportunity for each claim to be decided on the merits rather than on procedural technicalities"). See also Mr. Garibay's Petition, page(s) 12, § 15(a) thru page 16, ¶ 2.

The starting point for this Court's analysis of Mr. Garibay's attempt to amend hsi § 2255 motion is Fed.R.Civ.P., Rule 15(c), which provides that "an amendment of a pleading relates back to the date of the original pleading when ... **(2) the** claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading. .... Fed.R.Civ.P., Rule 15(c)(2). The rationale of the rule is that, once litigation involving a particular transaction has been instituted, the parties should not be protected [by the statute of limitations] from later asserted claims that arose out of the same conduct set forth in the original pleadings." <u>Kansa Reinsurance Co. v. Congressional Mortgage Corp.</u>, 20 F.3d 1362, 1366-67 (5th Cir. 1994)(citing    6A

Wright & Miller, & Mary K. Kane, Federal Practice and Procedure, § 1496 (1990). As here. "[I]f plaintiff seeks to correct a technical difficulty, state a new legal theory of relief, or amplify the facts alleged in a prior complaint, then relation back is allowed." F.D.I.C. v. Conner, 20 F.3d 1376, 1386 (5th Cir. 1994). "Notice is the critical element involved in Rule 15(c) determinetions." Williams v. U.S., 405 F.2d 234, 236 (5th Cir. 1968). The doctrine of relation back under Rule 15(c) is liberally applied today in Federal Courts, especially if no disadvantage accure to the opposing party. 1A Barron & Holtzoff, Federal Practice and Procedure, § 448 (Wright 1960). See      Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n. 3 (1984)(The rationale behind Rule 15(c)(2) is that "a party who has been notified of litigation concerning a particular occurrance has been given all the notice that statutes of limitations were intended to provide). See also Mr. Garibay's Petition, page(s) 16 § Rule 15(c) thru page 20 ¶ 2.

Neither trial counsel, or Ad Testificandum counsel, investigate the facts of the instant case, nor did [they] reserach a Board of Immigration Appeals decision in a U.S. citizenship derivement case, i.e. Matter of Navarette, 12 I. & N. Dec. 138 (BIA 1967). Which, Mr. Garibay presents to this Honorable Court.

The government will not need to conduct significant additional discovery regarding Mr. Garibay's reliance of the alleged misrepresentations of counsel[s] failure to investigate pertinent law, i.e., 8 U.S.C. § 1401(a)(7); Mr. Garibay's Petition, Exhibit No. 49, as it relates to the fact situation of In Re Navarette, 12 I. & N. Dec. 138 (BIA 1967): OR Ad Testificandum counsel's failure to present litigation of the loss of Mr. Garibay's Sixth Amendment rights afforded to a defendant in a criminal trial, rights which are protected by the Sixth Amendment of the U.S. Constitution. See Mr. Garibay's Petition, page(s) 25 thru 39.

Prejudice does not mean inconvenience to a party. Moreover, it is obvious that an amendment, designed to strenghten the movants legal position, will in

(9)

some way harm the opponent. In the context of a 15(a) amendment, prejudice means that the nonmoving party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the ... amendment been timely." Heyl v. Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981). Cf. Cornell & Co., Inc. v. Occup. S. & H. Review Com'n, 573 F.2d 820, 825 (1978)(court denied the government's motion to amend as delay was the cause of the defendant's inability to secure the testimony of vital witnesses).

The cases that have held that the government will not be prejudiced are: Hanlin v. Mitchelson, 794 F.2d 834, 840-41 (2d Cir. 1986)(concluding that at the time of filing complaint plaintiff was unaware of the facts supporting the proposed amended claim); Wieglos v. Commonwealth Edison Co., NO. 84 C 1222, 1987 WL 7499, at * 3 (N.D.Ill. Feb. 27, 1987)(granting leave to amend where amendment sought to "simplify and clarify plaintiff's cause of action" ..."); Agristor Credit Corp. v. Scmidlin, 601 F.Supp 1307, 1314-15 (D.Or. 1985)(granting leave to amend where new claim regarding adequacy of warranty was related to prior allegations that product was defective; in conclusory fashion the court decided an amendment would not be unduly prejudicial).

Leave may be denied due to delay, but the delay must unduly prejudice the opposing party. See Doherty v. Davy Songer, Inc., 195 F.3d 919, 922, 927 (7th Cir. 1999). To prevent Mr. Garibay from amending his § 2255 motion would add insult to the injury Mr. Garibay alleges he suffered at the hands of [court appointed attorney's] representation over the facts of the instant case, Rule 15(a) does not require so harsh a result. See also Mr. Garibay's Petition, page(s) 13 ¶ 3 thru 20 ¶ 2.

## B. Government Estoppel

As was noted by the Supreme Court in Montana v. Kennedy, 366 U.S. 308, 81 S.Ct. 1336 (1961), "we need not stop to inquire whether, as some lower courts have held,

there may be circumstances in which the U.S. is estopped to deny citizenship because of  the conduct of its officials." Id., at 314, 81 S.Ct., at 1341.

Some time in 1963, Mr. Garibay's uncle Raymundo Ruiz-Ganzalez, in trying to get his U.S. citizenship recognized, was requested to go with his (unwed) mother, to the U.S. Consulate in Nuevo Laredo, Tamaulipas, Mexico, to see if he had acquired U.S. citizenship through his mother, see section 201(e), of the Immigration and Nationality Act of 1940, together, the mother presented Mauro, Raymundo, Antonio, and Angelica Gonzalez (Mr. Garibay's father, Mr. Gonzalez, was at that time working as a day laborer at the Callaghan Ranch, near Encinal, Texas), to the U.S. Consulate and was [erroneously] informed by Mrs. Guerra there at the Consulate that, the children could not claim U.S. citizenship through her. See Mr. Garibay's Petition, Exhibit No.  49 . The next time the Gonzalez family renewed their interest of their U.S. citizenship status was in 1966, when attorney "Adolfo Gomez," adviced the Gonzalez family of their claim to U.S. citizenship, and assisted them in submitting their N-600's, and informing them when their certificates arrived. See Mr. Garibay's Petition, Exhibit NO.  50 .

Eqitable estoppel is a doctrine invoked to avoid injustice in particular cases. U.S. v. Government Development Bank, 725 F.Supp. 96 (D. Puerto Rico 1989), citing Heckler v. Community Health Services, 467 U.S. 51 (1984). The requirements are as follow: first, a material misrepresentation; second, a reasonable reliance upon the misrepresentation; and finally, some disadvantage to the party seeking to assert estoppel fairly traceable to the misrepresentation. Falcone v. Pierce, 864 F.2d 226, 228 (1st Cir. 1988).

As evidence at the February 8th, 2002, evidentiary hearing, the government presented the application for certificate of citizenship signed by Mr. Gonzalez during the interview conducted on May 10th, 1966. The Provatibe value of this document is severely undermined by the circumstances of its execution. Mr. Gonzalez could  neither read nor write English, the application was drafted by an immigration

agent with a "working knowledge of Spanish," who asked Mr. Gonzalez a question in Spanish, heard the reply, translated and typed the answer in English into the application. This process was clearly subject to misunderstanding and inaccurancy. For example, the application speaks on terms of "residence." It is unlikely that Mr. Gonzalez understood the legal significance of the term "residence" or that the agent used it properly. The statute speaks only of being "physically present" not of "residence." See 8 U.S.C. § 1401(a)(7); see also Mr. Garibay's Petition, page(s) 21 ¶ 2 thru page 22 ¶ 2 (citing 8 U.S.C. § 1408(4)(A)(B)). The application for certificate of citizenship, neither alone nor with Immigration and Naturalization Service, Adjudications Officer "Rene Moreno's" testimony establish the government's case.

In the instant case, Mr. Garibay's father, derived U.S. nationality, via section 201(e), of the Immigration and Nationality Act of 1940, see also 8 U.S.C. §1408(4)(A)(B), and U.S. citizenship, via the U.S. Supreme Court's ruling in Miller v. Albright, 523 U.S. 420, 118 S.Ct. 1478 (1988). Here common sense will tell that in order for Mr. Garibay's father to meet the ten (10) year residence requirement of 8 U.S.C. § 1401(A)(7), prior to Mr. Garibay's birth on April 8th, 1967, Mr. Gonzalez would have had to leave home (his mother's care), at the age of thirteen (13), a mere child. Mr. Gonzalez entered and resided in the U.S. by wading the Rio Grande on or about 1958 or 59, for employment purposes as a day laborer. When the Gonzalez family inquired to the U.S. Consulate about their eligibitlity to U.S. citizenship, [they] were informed by the Consulate that, the citizenship retention requirements applied to them. Thus, from reliance thereof, were prevented from entering or establishing an authorative U.S. address.

Mr. Garibay implores this Court to compare and apply the instant cases's factual familiarity with, a Board of Immigartion Appeals (the Board) decision ( which trial counsel nor Ad Testificandum counsel researched or presented to this Court), i.e., Matter of Navarette, 12 I. & N. Dec. 138 (BIA 1967), where as here, a 29 year old native of Mexico derived U.S. citizenship from a native born

American father, and who made a number of visits to relatives but who was erroneously excluded from the U.S. in 1954, when the govenment ruled that the citizenship retention requirements still applied to her case.

There, the Board observed that constructive residence and constructive physical presence are familiar concepts in immigration law, generally coming into play where actual residence or presence is prevented by circumstances beyond a persons control or by reliance upon erroneous information received from a U.S. Official, the Board stated that in such cases it is not equitable to penalize individuals for factors that they could not control or circumstances that they did not create, the Board "concluded that Navarette had relied upon a U.S. Officials erroneous interpretation of law and thus she had constructively completed the necessary residence requirement to retain her U.S. citizenship and that her constructive residence period could apply to the requirement necessary to transmit citizenship to her foreign born children. See also Mr. Garibay's Petition, page(s) 20 section 2 thru page 25.

The Supreme Court has declined to rule that "estoppel" can never be applied against the government under any circumstances. See Office of Personnel Managment v. Richmond, 496 U.S. 414, at 423 (1965); Heckler, 467 U.S., at 60-61. Instead it has "mention[ed] the possibility ... that some type of 'affirmative misconduct might give rise to estoppel against the government." 496 U.S., at 421-22 (citing Heckler, 467 U.S., at 60; I.N.S. v. Miranda, 459 U.S. 14, 19 (1982); Shweiker v. Hansen, 450 U.S. 785, 788 (1981); I.N.S. v. Hibi, 414 U.S. 5, 8 (1973)).

## C. Fed.R.Civ.P., Rule(s) 60(b)(1); 60(b)(6)

In the U.S. Magistrate Judge's Report and Recommendation, the government contends that Mr. Garibay fails to clarify which factor(s) are at issue, i.e., mistake, inadvertance, surprize or excusable neglect, and the facts pertaining thereto. See Magistrate Judge's Report and Recommendation, page(s) 4-5.

(13)

Mr. Garibay argues that he "should not be punished for inadequate representation." Relief from counsel's errors "normally is sought pursuant to 60(b)(1) on the theory that such error constitutes mistake, inadvertance, or excusable neglect." Nemeizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986). To better understand Mr. Garibay's accusations of Ad Testificandum counsel's mistake(s), inadvertance(s), or excusable neglect, see Mr. Garibay's Petition, page(s) 4 ¶ 3 thru page 8 ¶ 3, Exhibit No.(s) 20-43 included. Rule 60(b) is an appropriate means to bring a claim that the conduct of counsel affected the integrity of the courts habeas proceeding. Banks v. U.S., 167 F.3d 1082, 1084 (7th Cir. 1999). See also Dunn v. Cockrell, 302 F.3d 491 (5th Cir. 2002)(citing Pioneer Inv. Serv. Co. v. Brunswick, Assocs. Ltd., 507 U.S. 380, id., at 395, 113 S.Ct. 1489 (1993)(if Dunn was entitled to Rule 60(b) relief upon establishing his counsel's "excusable neglect," Pioneer might be helpful to him). See also Mr. Garibay's Petition, Exhibit No.(s) 31 ; 32 ; 33 ( correspondence brief's Mr. Garibay sent Ad Testificandum counsel, of meritorious issues that, counsel should present to the Fifth Circuit Court of Appeals).

There are instances in which an attorney's failure to take necessary steps to protect his client's interests is so egregious and atypical that the court may deem equitable tolling appropriate, see e.g.,  Calderon v. U.S. District Court (Beeker), 128 F.3d 1283, 1288 (9th Cir. 1997)(holding that AEDPA's statute of limitations was equitably tolled when the petitioner's counsel unexpectedly moved out of the state and left an unusable work product behind for replacement counsel). See also Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)(recognizing that, in a few cases, egregious conduct of counsel will merit equitable tolling); Plowden v. Romine, 78 F.Supp.2d 115, 119 (E.D.N.Y. 1999) (same); Vasquez v. Greiner, 68 F.Supp.2d 307, 309-11 (S.D.N.Y. 1999)(stating that equitable tolling may be available to a habeas petitioner who did not learn from his attorney that his conviction was final until

(14)

after the AEDPA limitations period had expired); Baskin v. U.S., 998 F.Supp. 188, 189-90 (D.Conn. 1998)(granting equitable tolling to a habeas petitioner because his counsel waited thirteen months to tell him that his petition for certiorari had been denied).

In a related context, there are several cases in which courts have held that egregious conduct by counsel warrants equitable tolling of the statute of limitations for filing an EEOC complaint. See e.g., Seitzinger v. Reading Hosp. and Med. Ctr., 165 F.3d 236, 239-41 (3d Cir. 1999)(stating that "[t]here are, however, narrow circumstances in which the misbehavior of an attorney may merit such equitable relief" and finding that this was such a case because counsel lied to his client when he told him that he had filed a petition);; Cantrell v. Knoxville Comm. Dep. Corp., 60 F.3d 1177, 1180-81 (6th Cir. 1995)(stating that this case was not " ' garden variety' attorney negligence" because counsel abandoned his client due to his counsel's mental illness); Doherty v. Teamsters Pension Trust Fund, 16 F.3d 1386, 1394 (3d Cir. 1994)(Stating that, although attorney mistakes do not normally constitute extraordinary circumstances, in a case in which counsel filed a complaint in the wrong forum due to stress resulting from the death of co-worker, equitable tolling may be justified); Burton v. U.S. Postal Serv., 612 F.Supp. 1057 (N.D. Ohio 1985)(holding that equitable tolling is available when an attorney abandoned his client and left town). Some courts have cited to these cases as examples of conduct by attorneys that may justify equitable tolling under AEDPA. See e.g., Fahy, 240 F.3d at 244; Plowden, 78 F.Supp.2d at 119.

Similarly, a number of courts have held that a client who demonstrates gross negligence on the part of his attorney has established the requisite "extraordinary circumstances" to set aside a default judgment under Federal Rule of 60(b)(6). See e.g., Community Dental v. Tani, 282 F.3d 1164, 1169 (9th CIr. 2002); Boughner v. Secretary of Health, Educ. & Welfare, 572 F.2d 976, 978 (3d Cir. 1978);    Shepard

Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 195 (6th Cir. 1986);

L.P. Steuart, Inc. v. Matthews, 329 F.2d 234, 235 (D.C. Cir. 1964)).

**D. Conclusion**

Mr. Garibay is proceeding pro se and he is non cognizable of the law, he verily believes that he has a meritorious couse of action. Thus, "[t]o allow the judgment to stand would deny [Mr. Garibay] the opportunity to have its allegations tested under appropriate standards." See Fabrege, Inc. v. wyman, No. 82 Civ. 69-15 (JMC), 1987 WL 16279, at * 2 (S.D.N.Y. Feb. 25, 1987)(granting plaintiff's Rule 60(b)(6) motion); cf. Deeweerth v. Baldinger, 8 F.3d 1266, 1272 (2d Cir. 1994)(reversing a district court's granting of a 60(b)(6) because it "inappropriately disturbed a final judgment in a case that had been fully litigated and was long since closed"); Petersen v. Valensco, 803 F.Supp. 875, 877 (S.D.N.Y. 1992)(denying a 60(b)(6) motion because plaintiff was repeating arguments that were previously before the court and "given the full weight and consideration").

A crime generally consist of two elements, a physical wrongful deed (the "actus reus"), and a guilty mind that produces the act (the "mens rea"). "The existence of mens rea is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence." Dennis v. U.S., 341 U.S. 494, at 500 (1951). See Mr. Garibay's Petition, page 36 id. (citing crime for which Mr. Garibay was Deported/Removed for on January 28th, 1998, "Burglary of a Building," Exhibit No. 57 ; and presenting Immigration and Naturalization Memorandum, [subject non-deportable due to "Burglary of a Building," Exhibit No. 58 ); to warrant conviction of Mr. Garibay for falsely representing himself to be a citizen of the U.S. for fraudelent purpose, the government had the burden of proving by competent evidence and beyond a reasonable doubt [see Mr. Garibay's Petition, Exhibit No.(s) 54 ; 16 ; and Matter of Navarette, 12 I. & N. Dec. 138 (1967)], that for some fraudelent purpose Mr. Garibay represented himself to be a citizen of the U.S. as charged in the indictment, and that in [f]act and [l]aw, that he was not a citizen. See Gullota v. U.S., C.C.A. 8 (Mo.) 1940, 113 F.2d 683. Mens rea, is the state   of

mind that the prosecution, to secure a conviction, must prove, thatMr. Garibay had when committing the crime(s): **criminal intent,** this is the second of two essential elements of every crime. (emphasis added). See also Mr. Garibay's Petition, page 9 ¶ 2.

As here, actual innocence allegation can be based on evidence that is not new. Gomez v. Jaimet, 350 F.3d 673 (7th Cir. 2003), reads in pertinent part, as follow:

> The fundamental miscarriage of justice exception applies only in the "extremely rare" and "extraordinary case" where the petition-er is actually innocent of the crime for which he is imprisoned. Shlup v. Delo, 513 U.S. 298, 115 S.Ct. 851 (1995).

While a petitioner claiming that his factual innocence alone entitles him to habeas corpus relief must present newly discovered evidence, see Herrera v. Collins, 506 U.S. 390 (1993), Mr. Garibay, like Gomez, is using actual innocence solely as a basis, or a gateway for having his otherwise barred constitutional claims heard. The interpretation of actual innocence recounted in the Gomez case may open the door to Mr. Garibay to properly litigate his case, in the event Mr. Garibay would be otherwise time barred, or procedurally barred.

Furthermore, "if Mr. Garibay cannot show cause, the failure to raise his claim in an earlier petition may nontheless be excused if he can show that a fundamental miscarriage of justice would result from failure to entertain the claim." See Romero v. Collins, 961 F.2d 1181, at 1183 (5th Cir. 1992); U.S. v. Flores, 981 F.2d 231 (5th Cir. 1993).

### Prayer

**WHEREFORE, PREMISES CONSIDERED,** Mr. Garibay respectfully prays, that in the interest of justice, this Honorable Court see the errors of the Magistrate Judge's Report and Recommendation; and grant litigation of Mr. Garibay's Fed.R.Civ.P. Rules 60(b); 15(a); and 15(c)(2) motion(s).

# CERTIFICATE OF SERVICE

I, _Raymundo Gonzalez Garibay_ hereby certify that I have served a true and correct copy of the following:

ASSISTANT U.S. ATTORNEY

DON CALBERT

1036 E. LEVEE

Brownsville, Texas
              78520

Which is deemed filed at the time it was delivered to prison authorities for forwarding, _Houston vs. Lack_, 101 L.Ed 2d 245 (1988), upon the defendant(s) and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

and deposited same in the United States Postal Mail at the United States  FEDERAL
CORR. INST. Oakdale  on this: __29th__ day of: __February__, __2000__

_Raymundo Gonzalez Garibay_

Reg. No. __82756-079__

FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 5000
Oakdale, LA 71463

Proceedings Include All Events.                                    MAG
1:01cv100 Gonzalez-Garibay v. USA                         CLOSED APPEAL
                                                                   2255
                    [Entry date 11/06/01]

11/6/01   11   IMG ORDER  set evidentiary hearing for 2:00 12/13/01   before
               Magistrate Judge Felix Recio , entered; The Clerk is
               hereby Ordered to issue a writ ad testificandum for the
               Petitioner's presence as said hearing Also the U S District
               Clerk's Office is hereby Ordered to summon to the hearing
               the Petitiner's trial counsel, Sandra Z Zayas Asst.Public
               Defender. Parties notified. signed by Magistrate Judge
               Felix Recio ) (og)

11/7/01   12   IMG ORDER REFERRING CASE  to Magistrate Judge John W. Black ,
               entered; Parties notified  ( signed by Magistrate Judge
               Felix Recio ) (og)

11/7/01   --   Deadline updated;  reset evidentiary hearing for 2:00
               12/13/01   before Magistrate Judge John W. Black (og)

11/7/01   13   IMG RETURN OF SERVICE executed as to U S Marshal service on
               Sandra Zayas 11/6/01 filed. (og)

12/12/01  14   IMG ORDER  reset evidentiary hearing for 1:30 1/28/02   before
               Magistrate Judge John W. Black , entered; Parties
               notified. ( signed by Magistrate Judge John W. Black ) (og)

1/10/02   15   IMG Unopposed MOTION for continuance of evidentiary hearing of
               January 28,2002 until February 8, 2002 by USA, Motion
               Docket Date 1/30/02 motion , filed. (og)
               [Entry date 01/14/02]

1/16/02   16   IMG ORDER  granting [15-1] motion for continuance of
               evidentiary hearing of January 28,2002 until February 8,
               2002  reset evidentiary hearing for 2:00 2/8/02   before
               Magistrate Judge John W. Black , entered; Parties
               notified. ( signed by Magistrate Judge John W. Black ) (og)
               [Entry date 01/17/02]

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| **Mr. Miranda (Inmate Systems Manager)** | **Decenber 11th, 2003** |
| FROM: | REGISTER NO.: |
| **Raymundo Gonzalez-Garibay** | **82756-079** |
| WORK ASSIGNMENT: | UNIT: |
| **BDU-7** | **DA 221-L** |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

On December 3rd, 2003, I Raymundo Gonzalez-Garibay (Plaintiff), U.S.M. # 82756-079. pla-
ced for mailing in the "LEGAL MAIL BOX" located at U.S.P. Beaumont, P.O. Box 26030, Beaumont,
Texas, 77720-6030, the instant **"Brief in Support of Motion for Relief from Judgment; and Lea-
ve to Amend Complaint,"** well within the time required by Federal Rules of Civil Procedure
Rule (60(b)(1). Aforesaid, was returned to my person on December 11th, 2003, claiming "POST-
AGE VOID," see attatched. Today, December 11th, 2003, I personally hand-delivered for mailing
aforementioned motion for relief from judgment to Mr. Miranda (Inmate Systems Manager). The
instant motion was originally mailed on December 3rd, 2003, and within the U.S. Supreme Court's
ruling in: **Houston v. Lack**, 487 U.S. 266, 108 S.Ct. 2379 (1988), this motion was filed timely.

Respectfully,

*Raymundo Gonzalez-Garibay*

(Do not write below this line)

DISPOSITION:

*Gonzalez your package has been mailed
out and was dated back to Dec 3, 2003
when you had originally mailed it out
It is Confirmed that this package should
have left the US Postal Service on Dec 3, 0*

| Signature Staff Member | Date |
|---|---|
| *[signature]* | 12-15-03 |

# CERTIFICATE OF SERVICE

RAYMUNDO GONZALEZ-GARIBAY,
I, U.S.M. NO. 82756-079            hereby certify that I have served a true and correct
copy of the following:

**PETITIONER'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

In which Petitioner (Mr. Garibay) objects to the erroneous
ruling of the aforesaid. A motion that, the government filed
in the U.S. District Court, for the Southern District of Texas,
Brownsville Division, on May 17th, 2004, and which Mr. Garibay
received on May 20th, 2004. Therefrom, Mr. Garibay files with
this Honorable Court - via Certified Receipt No. 7003 2260 0003
9557 7309, Return Receipt Requested - his objections thereto.
Pursuant to Fed.R.Civ.P., Rule 6.

Which is seemed filed at the time it was deliver to prison authorities for forwarding, *Houston v.*
*Lack*. 101 L.Ed.2d 245 (1988), upon the defendant(s) and or his/her attorney(s) of record, by
placing same in a sealed, postage prepaid envelope addressed to:   A copy, one (1) each [to

HONORABLE JUDGE/& CLERK OF THE COURT        MARK DOWD
C/O UNITED STATES DISTRICT COURT            ASSISTANT U.S. ATTORNEY
SOUTHERN DISTRICT OF TEXAS                  1036 E. LEVEE STREET
P.O. BOX 61010                              BROWNSVILLE, TEXAS  78520
HOUSTON, TEXAS 77208

and deposited same in the United States Postal Mail at the United States Penitentiary,
on this: 1st            day of: June, 2004.

Respectfully Presented:

*Raymundo Gonzalez-Garibay*
pro se litigant.

RAYMUNDO   GONZALEZ-GARIBAY
(Name) Reg. No. 82756-079
              U.S.P. BEAUMONT
P.O. BOX 26030
(Address)
BEAUMONT, TEXAS   77720-6030
(City/State/Zip)